**In re Charles Robert WINCHESTER and June Ellen Winchester, Debtors.**

**Charles Robert WINCHESTER and June Ellen Winchester, Appellants,**

**v.**

**Ronald A. WATSON, Trustee in Bankruptcy, Appellee.**

**BAP No. OR–82–1540–AsAbe.**

**Bk. No. 380–01300.**

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued April 22, 1983.

Decided May 24, 1984.

Mary E. Sandell, Samuels, Samuels, Yoelin & Weiner, Portland, Or., for appellants.

Ronald A. Watson, Portland, Or., for appellee.

Before ASHLAND, ABRAHAMS and ELLIOTT, Bankruptcy Judges.

ASHLAND, Bankruptcy Judge:

This is an appeal from an order of the bankruptcy court sustaining the trustee's objection to the debtors' claimed exemptions on proceeds from the sale of their home.

The bankruptcy court held that the debtors were not entitled to their claimed exemptions because they failed to reinvest the proceeds from the sale of their homestead into a new homestead within one year as required by Oregon Revised Statutes § 23.240(2) and that the controlling date for determining exemptions was the date of conversion from a Chapter 13 to Chapter 7 case, not the date of filing the original petition. We affirm.

## BACKGROUND

Charles Robert and June Ellen Winchester filed their joint Chapter 13 petition on June 6, 1980. Attached to the petition was a list of the property which the debtors claimed as "exempt". Each of the debtors claimed a homestead exemption in the family residence—the husband claiming under 11 U.S.C. § 522(d)(1), and the wife claiming under Oregon Revised Statutes (ORS) § 23.240(1) pursuant to 11 U.S.C. § 522(b)(2)(A). At the time these "exemptions" were claimed, ORS § 23.240(1) allowed an exemption of up to $12,000 of equity in the owner's homestead, as that term is defined in the statute. ORS § 23.240(2) extended this exemption to the proceeds derived from the sale of the homestead for a period not exceeding one year from the date of sale.

On August 8, 1980 the debtors submitted an amended Chapter 13 plan. The plan provided that the debtors would sell their residence and use the proceeds to pay all creditors. The debtors would then retain the balance of the proceeds. The plan was confirmed on September 22, 1980. The home was sold March 20, 1981. The debtors accepted two promissory notes with the understanding that these could easily be converted into cash. This cash would then be used to make payment to the creditors in accordance with the plan.

The debtors later discovered, however, that these two promissory notes were non-negotiable. The first note was not payable on a date certain, but rather, payment was conditioned on the makers (the buyers of the debtors' home) first selling their present home. The second note was not payable until June 1, 1986. Thus the debtor's efforts to complete their Chapter 13 plan were frustrated. There is litigation pending in the state court based on alleged misrepresentations regarding negotiability of the notes.

On March 20, 1982 one year elapsed from the date of the sale of the homestead. On this date the debtors had not reinvested the proceeds into a new homestead.

On July 26, 1982 the debtors filed a list of additional assets and liabilities and claimed exemptions. They listed the two promissory notes and the lawsuit arising from the sale of the homestead as assets of the estate. They also each claimed these assets to be exempt under ORS § 23.240(2) as proceeds from the sale of the homestead. On August 3, 1982 the case was converted to a Chapter 7 case. The trustee in bankruptcy thereafter objected to the exemptions claimed by the debtors on the proceeds from the sale. He argued that the debtors had failed to reinvest the proceeds within one year and therefore were not entitled to the protections of ORS § 23.240. He further contended that the proceeds were assets of the Chapter 7 estate subject to his administration.

In an attempt to circumvent this one-year limitation, the debtors argued that they had properly claimed an exemption at the time that the original Chapter 13 petition was filed. They contended that the court should look back to the date of filing of the original petition to determine what assets constitute property of the Chapter 7 estate. On that date, of course, the one-year limit of ORS § 23.240(2) had not expired, and the homestead property would be outside the trustee's grasp.

The bankruptcy court sustained the trustee's objection. It found that the debtors had failed to reinvest the proceeds from the sale of the homestead into a new homestead within one year as required by ORS § 23.240(2). It also found that the date of conversion to Chapter 7 was the proper date to determine exemptions of the debtors. The debtors appeal from this order.

## ANALYSIS

Debtors do not contest the bankruptcy court's finding that they failed to reinvest the proceeds from the sale of the homestead into a new homestead within one year. They urge that this failure was through no fault of their own, but rather, was the result of misrepresentations regarding the negotiability of the notes. While this may be true, it was not an issue before the bankruptcy court. Therefore, this finding should not be disturbed.

Appellants' real argument is with the bankruptcy court's second finding, that is, that the date of conversion controls in determining the exemptions of the debtors. They contend that the bankruptcy court should have looked back to the date on which the original Chapter 13 petition was filed to determine what property is now subject to administration by the Chapter 7 trustee.

The "exemptions" claimed by the debtors upon the filing of their Chapter 13 petition are not really exemptions at all. They are merely statements used to show what the debtors would claim as exempt if their case were a liquidation case. The list of "property claimed as exempt" which the debtors filed along with their Chapter 13 petition even contains the following language:

> Debtor selects the following property as the property *he would exempt ... if the case had been filed under Chapter 7.* (Emphasis added.)

These "exemptions" serve only one purpose: they allow the bankruptcy court to make an informed decision regarding the liquidation comparison required by 11 U.S.C. § 1325(a)(4). There is no need for a debtor to have the protection of a true exemption in a Chapter 13 case because § 1306(b) allows the debtor to remain in possession of all the property of the estate. Additionally, § 1327(b) vests all of the property of the estate in the debtor upon confirmation of a plan.

Arguably, "exemptions" may serve one other purpose in Chapter 13, i.e., the debtor may be entitled to avoid a lien upon exempt property pursuant to 11 U.S.C. § 522(f) and (h). *E.g., In re Thurman* 20 B.R. 978 (1982). However, that issue is not presented in this case. Accordingly, we decline to decide whether § 522(f) and (h) are available to a Chapter 13 debtor.

On March 20, 1981 the debtors sold their home. As long as the debtors held onto the proceeds with the intent to procure another homestead the proceeds were exemptible for a period not exceeding one year. ORS § *23.240(2).* The one year period began to run upon the sale of the home. *ORS § 23.240(2) and (3).*

▪ The debtors argue that the filing of the Chapter 13 petition tolls the running of the one-year limitation contained in ORS § 23.240(2). They cite no authority for this proposition and we believe that is because none exists. We find nothing in the Bankruptcy Code or in Oregon state law which tolls the running of the statute upon the bankruptcy filing. Additionally, we note that the sale of the home (and the triggering of the statute) occurred 10 months after the filing of the petition. 11 U.S.C. § 108(b) does not allow the debtors to extend this time because by its terms the one year period would be the maximum extension.

On March 20, 1982 one year elapsed from the date of sale and the debtors had not reinvested the proceeds in another homestead. On this date the proceeds were no longer exemptible. *ORS § 23.240(2).*

▪ The debtors argue that the running of the statute alone is not enough to divest them of their exemption. They contend that a finding of an intent to abandon the homestead is also required. Our reading of ORS § 23.240(2) suggests a contrary conclusion. Indeed, the statute requires that a debtor have the positive intent to *procure* another homestead or else lose the exemption. The debtors cite *DeHaven & Son Hardware Co. v. Schultz*, 122 Or. 493, 259 P. 778 (1927). We are bound by this Oregon Supreme Court decision which held that the homestead exemption should be construed liberally and that forfeitures of the homestead estate are disfavored in law.

However, *DeHaven* is distinguishable from the instant case. That case dealt with physical abandonment of the homestead as a residence. This case deals with proceeds from a sale and the failure to reinvest them within a prescribed period. These are two separate and distinct ways in which the Oregon homestead exemption may be impaired. Each requires a different test by definition of its terms. Even *DeHaven* suggests that a positive intent to reinvest is required in a situation where the homestead is sold and the proceeds claimed exempt:

> Indeed, under the statute, he could have actually sold the property and kept the proceeds exempt from execution for a period of one year *if it was his intention to invest the same in a home.* (Emphasis added.)

*Id.* 259 P. at 780.

The final question to be resolved is whether exemptions should be determined, or conversely whether property of the chapter 7 estate should be determined, as of the date of the original Chapter 13 filing or the date of conversion to Chapter 7. We conclude that logic dictates that the date of conversion is the controlling date on which to determine the debtors' exemptions and property of the Chapter 7 estate.

11 U.S.C. § 348 deals generally with the effect of conversion. Section 348(a) states that:

> Conversion of a case from a case under one chapter of this title to a case under another chapter of this title ... does not effect a change in ... the commencement of the case ...

This is significant because it is the "commencement of the case" which determines what property is property of the estate. *11 U.S.C. § 541.* Thus, it is normally the date of filing of the original petition which determines property of the estate in the converted case. However, in Chapter 13 after-acquired property is also property of the estate. *11 U.S.C. § 1306(d).* Therefore, it is only logical that property of the Chapter 7 estate in a converted Chapter 13 case should be determined on the date of conversion. Otherwise, the after-acquired property could not be included in the Chapter 7 estate. Once the property is revested in the debtor after confirmation, he can do anything with it so long as it is not subject to a lien provided for in the plan or order confirmation. *11 U.S.C. §§ 1327(b) and (c).* Thus, during the course of a plan, which can last as long as five years, a debtor may sell, abandon, consume, or trade-in most of his assets. Combining this with the possibility of after-acquired property means that by the time of conversion the estate may have been changed completely in character and amount. This reasoning is consistent with § 348(d) which allows the debtor to discharge claims arising during the pendency of the Chapter 13 but before conversion. It is only reasonable that the debtor be required to place after-acquired property into the Chapter 7 estate if he is going to be relieved from liability of post-petition claims. Often it is the post-petition indebtedness which was used to acquire the after-acquired property.

Additionally, it is the date of conversion on which the debtor must turnover property of the estate. It is on that date that the exempt property should logically be removed from the trustee's administration. After all, prior to conversion the debtor remained in possession of all estate property. *11 U.S.C. § 1306(b) & 1327(b).*

The position taken by the debtors would require the Chapter 13 trustee to object to exemptions. Objections to claims of exemptions generally are filed by the trustee or any party in interest within 30 days of the conclusion of the meeting of creditors under § 341. In a Chapter 13 the schedule of exemptions is used primarily in connection with the confirmation standards, particularly the liquidation comparison in § 1325(a)(4). It has little other purpose. The Chapter 13 trustee has no reason to object to exemptions since the debtor remains in possession. It is not until the date of conversion, when assets are physically transferred, that the trustee and creditors have any reason to object to the debtor's claimed exemptions.

The debtors are not prejudiced by our conclusion. They may properly claim exemptions on the date of conversion and preserve their interest in exemptible property. *Bankruptcy Rule 122(2)* and its successor *Rule 1019(a).* Indeed the debtors did file a second list of claimed exemptions under *Rule* 122 just before they converted the case to Chapter 7. However, on the date of conversion the proceeds from the sale of their homestead were no longer exemptible pursuant to ORS § 23.240(2).

## CONCLUSION

The order of the bankruptcy court sustaining the trustee's objection to the debtor's claims of exemption on the proceeds from the sale of their homestead is affirmed.

ELLIOTT, Bankruptcy Judge, concurring:

I concur with the majority that the debtors may claim exemptions at the time of conversion from Chapter 13 to Chapter 7 and that the judgment should therefore be affirmed.

I do not agree, however, that debtors may not also claim exemptions as of the date of filing a Chapter 13 case, albeit ".... exemptions are of less practical concern in Chapter 13 proceedings, than in liquidation cases under Chapter 7." 5 *Collier on Bankruptcy,* 1300–158.

The commencement of a Chapter 13 case under 11 U.S.C. § 302 creates an estate, 11 U.S.C. § 541.

Conversion of the case to one under Chapter 7 does not effect a change in the commencement of the case, 11 U.S.C. § 348, i.e., the succeeding Chapter 7 case is deemed to have been filed when the Chapter 13 case was filed.

The only conclusion to be drawn from the foregoing premises is that property of the debtors' estate consists of those items delineated under § 541 at the time of the original Chapter 13 filing and the debtor should be entitled to exemptions as of that time. Section 103 of the Code makes § 522 applicable to Chapter 13 cases.

However, that conclusion is inconsistent with 11 U.S.C. § 1306, providing that the debtors' estate consists of the items listed in § 541 and also all property of the kind specified in § 541 acquired after filing but before conversion.

A debtor who converts two or three years after originally filing a Chapter 13 case may have, at the time of conversion, completely different kinds of property than what he owned at the commencement of the Chapter 13. It should be obvious that property of the estate in the Chapter 13 immediately before conversion is the property of the estate in the succeeding Chapter 7 case. It is, I submit, inconceivable that the debtor should not be permitted to claim exemptions allowed by law out of the property of the estate at the time of conversion.

The apparent dilemma as to when exemptions may be claimed can and should be reconciled by recognizing that exemptions may also be claimed at the time of the original Chapter 13 filing. It may be necessary to claim exemptions, in some cases, in order to meet the confirmation standards of § 1325(a)(4) (value of distribution to creditors under plan at least as much as they would receive in a Chapter 7 case). It is necessary to claim exemptions if the Chapter 13 debtor seeks to avoid a lien on exempt property under § 522(f), *In re Thurman,* 20 B.R. 978. See also *In re Adams,* 12 B.R. 540 in which Judge Mabey held (in a Chapter 13 case) that a non-dischargeable debt for alimony and support, 11 U.S.C. § 523(a)(5), excepted from the automatic stay under § 362(b)(2) insofar as collection from property which is not property of the estate, can be satisfied out of that exempt property of the debtor that has not otherwise been dedicated to satisfying creditors under the plan.

It is not necessary to consider the effect of a claim of exemption by the Winchesters as of the Chapter 13 filing date because, as noted by the majority, the debtors did not formally claim exemptions at that time.