In re Timothy KAO, Setsuko Kao, Debtors.

Bankruptcy No. 383–01815.

United States Bankruptcy Court, D. Oregon.

March 19, 1985.

Ronald T. Adams, Portland, Or., for debtors.

Alexander T. Bishop, Portland, Or., trustee, in pro. per.

### MEMORANDUM OPINION

HENRY L. HESS, Jr., Bankruptcy Judge.

The debtors seek an order requiring the chapter 7 trustee to turn over to them the sum of $1,076.37 received by the chapter 7 trustee from the chapter 13 trustee after conversion of the case from chapter 13 to chapter 7.

At the time that the chapter 13 case was converted to a case under chapter 7, the chapter 13 trustee held funds received from the debtor under the confirmed plan which had not yet been distributed to creditors. The debtors contend that the estate, after conversion to chapter 7, consists of the property of the debtor which existed at the time of the filing of the petition for relief under chapter 13, that the estate does not include property acquired after that date, that the funds paid over by the chapter 13 trustee to the chapter 7 trustee represent a portion of the wages received by the debtors after the chapter 13 petition was filed and that therefore such funds do not constitute property of the chapter 7 estate and should be turned over to the debtors by the chapter 7 trustee.

At the present time the law in the District of Oregon is unsettled.

In the case of *In re Stinson*, 27 B.R. 18 (Bkrtcy.D.Or.1982) this court held that the property of the estate in a case converted from chapter 13 to chapter 7 consisted of the property owned by the debtor upon the date of conversion and that the law under which the debtor could claim exemptions was the law in effect upon the date of conversion. This ruling was reversed by the District Court for the District of Oregon in an unpublished opinion, a copy of which is attached (appendix).

In the case of *In re Winchester* this court, in an unpublished opinion, held that the property of the estate in a case converted from chapter 13 to chapter 7 consisted of the property owned by the debtor upon

the date of conversion. This ruling was affirmed by the Bankruptcy Appellate Panel for the Ninth Circuit (BAP), 46 B.R. 492.

Since the District Court acted as the intermediate appellate court between the trial court and the Court of Appeals in *Stinson* and the BAP acted in the same capacity in *Winchester*, the question here involved remains unsettled in Oregon.

11 USC § 541 defines property of the estate, with some exceptions as "property as of the commencement of the case."

11 USC § 348 provides:·

(a) Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

(b) Unless the court for cause orders otherwise, in sections 701(a), 727(a)(10), 727(b), 728(a), 728(b), 1102(a), 1110(a)(1), 1121(b), 1121(c), 1141(d)(4), 1146(a), 1146(b), 1301(a) 1305(a), and 1328(a) of this title, "the order for relief under this chapter" in a chapter to which a case has been converted under section 706, 1112, or 1307 of this title means the conversion of such case to such chapter.

(c) Sections 342 and 365(d) of this title apply in a case that has been converted under Section 706, 1112, or 1307 of this title, as if the conversion order were the order for relief.

(d) A claim against the estate or the debtor that arises after the order for relief but before conversion in a case that is converted under section 1112 or 1307 of this title, other than a claim specified in section 503(b) of this title, shall be treated for all purposes as if such claim had arisen immediately before the date of the filing of the petition.

(e) Conversion of a case under section 706, 1112, or 1307 of this title terminates the service of any trustee or examiner that is serving in the case before such conversion.

An examination of § 348 discloses the following. Subsection (a) provides that conversion from one chapter to another, does not effect a change in the commencement of the case except as provided in subsections (b) and (c). These latter subsections do not refer to § 541. Subsection (d) provides that claims which arise between the order for relief and conversion shall be treated as if they had arisen immediately before the date of the filing of the petition. Subsection (e) terminates the service of the trustee that was serving before the conversion. Since § 541 is not mentioned in any of the subsections of § 348, it would, at first, appear that the term "commencement of·the case" as used in § 541 would be controlled by subsection (a) of § 348 and would therefore be the date upon which the petition for relief was filed rather than the date of conversion. However in chapter 13 after-acquired property is also property of the estate. 11 U.S.C. § 1306(a). As is stated by the BAP in *Winchester:*

> Therefore, it is only logical that property of the Chapter 7 estate in a converted Chapter 13 case should be determined on the date of conversion. Otherwise, the after-acquired property could not be included in the Chapter 7 estate. Once the property is revested in the debtor after confirmation, he can do anything with it so long as it is not subject to a lien provided for in the plan or order of confirmation. 11 U.S.C. §§ 1327(b) and (c) Thus, during the course of a plan, which can last as long as five years, a debtor may sell, abandon, consume, or trade-in most of his assets. Combining this with the possibility of after-acquired property means that by the time of conversion the estate may have been changed completely in character and amount. This reasoning is consistent with § 348(d) which allows the debtor to discharge claims arising during the pendency of the Chapter 13 but before conversion. It is only reasonable that the debtor be required to place after-acquired property into Chap-

ter 7 estate if he is going to be relieved from liability of post-petition claims. Often it is the post-petition indebtedness which was used to acquire the after-acquired property.

Also see *Armstrong v. Lindberg*, 735 F.2d 1087, 12 BCD 81 (8th Cir.1984).

This court agrees with the reasoning in *Winchester*. An order will be entered denying the debtors' motion to require trustee to turn over funds.

## APPENDIX

### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON

RAYMOND CHESTER STINSON and JOANNE MARIE STINSON,
Debtors-Appellants,

v.

ALEXANDER T. BISHOP,
Trustee-Respondent.

CHARLES MALCOLM MAXWELL and RHONDA ROSE MAXWELL,
Debtors-Appellants,

v.

ROBERT MORROW, Trustee-Respondent.

Civil Nos. 83–43–RE, 83–44–RE

OPINION

Magar E. Magar, Portland, Or., Attorney for Debtors-Appellants.

Alexander T. Bishop, Portland, Or., Trustee-Respondent.

Robert Morrow, Portland, Or., Trustee-Respondent.

REDDEN, Judge:

### I. *Background*

Debtors in case 83–43–RE, Raymond and JoAnne Stinson, filed a petition for relief under Chapter 13, 11 U.S.C. §§ 1301–1330 (1979), on October 24, 1980. The Debtors in case 83–44–RE, Charles and Rhonda Maxwell, filed their petition for relief under Chapter 13 on July 14, 1981. On March 2, 1982, the Maxwells moved to convert the Chapter 13 proceeding to a case under Chapter 7, 11 U.S.C. §§ 701–766 (1979). On March 23, 1982, the bankruptcy court granted the Maxwells' motion. The Stinsons also moved to convert their Chapter 13 proceeding to a case under Chapter 7. They filed their motion on June 11, 1982 and the court granted it on June 18, 1982.

Between the date the debtors filed their Chapter 13 petitions and the date they converted to Chapter 7, Oregon law regarding exemptions changed. In the 1981 session, the Oregon legislature enacted a statute "opting out" of the federal exemptions as authorized by 11 U.S.C. § 522(b) (1979). The statute, O.R.S. 23.305, took effect on December 1, 1981. 1981 Or.Laws c. 903 § 11. Thus, at the time the Maxwells and Stinsons filed their petitions under Chapter 13, debtors who filed a petition under Chapter 7 were permitted to claim either the federal exemptions provided by § 522(d) or state exemptions under § 522(b)(2). At the time of the conversion of these cases to Chapter 7, however, Oregon debtors filing a petition under Chapter 7 could only claim the exemptions under § 522(b)(2).

After the conversion, the debtors in both cases filed exemption schedules claiming exemptions under § 522(d). The trustee objected to the claims on the grounds that exemptions under § 522(d) were not available in Oregon after December 1, 1981. The trustee argued that the date of the conversion to Chapter 7 should govern what exemptions are available. The bankruptcy court agreed and ordered the debtors to file an amended schedule of exemptions. The court specifically directed the debtors to exclude § 522(d) property from this amended schedule. The debtors appeal from this decision. Since the issue for decision is identical, the appeals were consolidated.

### II. *Discussion*

I conclude that the bankruptcy judge incorrectly analyzed the applicable sections of the Bankruptcy Code of 1978. I, therefore, reverse his decision.

The effect of conversion of a case from one chapter of the Code to another chapter is governed by 11 U.S.C. § 348(a) which provides:

> Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, *does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.*

(Emphasis added). Thus, for purposes of these debtors' Chapter 7 proceeding, the date of filing the Chapter 13 petition (October 24, 1980 for the Stinsons and July 14, 1981 for the Maxwells) is considered the date of filing of the Chapter 7 petition.

Section 522 governs exemptions. The trustee argues that the debtors are bound by the change in Oregon law since they converted to Chapter 7 after the effective date of Oregon's opting out statute. Section 522(b) itself refutes this argument. Section 522(b)(1) allows a debtor to take § 522(d) exemptions "unless State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize[.]" The state law which is applicable to the debtor under paragraph (2)(A) is the "State or local law that is applicable on the date of the filing of the petition...." 11 U.S.C. § 522(b)(2)(A) (1979). Under § 348, the date of filing of the petitions in these cases remains the date the Chapter 13 petitions were filed. On the dates the Maxwells and Stinsons filed their original petitions, Oregon did not have a law which specifically did not authorize the allowance of § 522(d) exemptions. Thus, notwithstanding the change in Oregon law since the filing of their petitions, these debtors are entitled to claim § 522(d) exemptions.

The bankruptcy court erred when it held that, for the purpose of claiming exemptions in the Chapter 7 cases, the applicable law is the law in effect on the date of conversion. The bankruptcy court's concern that a debtor could file a petition under Chapter 13, be revested with title to non-exempt property, and then convert to Chapter 7 and retain all the non-exempt property is unfounded. Rights to exemptions and, correspondingly, identification of non-exempt property are fixed as of the date of the filing of the bankruptcy petition. *In re Walters,* 14 Bankr. 92 (Bankr. S.D.W.Va.1981). In other words, property which was non-exempt at the time of the Chapter 13 filing would still be non-exempt on the date of conversion.

I reverse the decision of the bankruptcy court and remand these cases for proceedings not inconsistent with this opinion.

Dated this 26 day of April, 1983.