**In re William Joseph HUMPHREYS, Pamela Lee Humphreys, Debtors.**

**Bankruptcy No. 385–03847.**

United States Bankruptcy Court, D. Oregon.

July 31, 1986.

David Allen, Portland, Or., for debtors.

Ronald Watson, Portland, Or., Trustee.

MEMORANDUM OPINION

HENRY L. HESS, Jr., Bankruptcy Judge.

This matter came before the court upon the trustee's objection to the debtors' claim of a homestead exemption. The following facts are undisputed:

1. The Chapter 13 case was filed on September 30, 1985.

2. The debtors moved from their homestead on January 1, 1985.

3. A motion to convert to Chapter 7 was filed on December 31, 1985.

4. The court entered an order converting the case to Chapter 7 on January 2, 1986.

The trustee objects to the claimed homestead exemption on the ground that the debtors have not occupied the property since January 1, 1985, which is more than one year prior to the date the case was converted to Chapter 7. The trustee relies upon ORS 23.240, which provides, in pertinent part:

(1) A homestead shall be exempt from sale on execution from the lien of every judgment and from liability in any form for the debts of the owner to an amount in value of $15,000, except as otherwise provided by law. The exemption shall be effective without the necessity of a claim thereof by the judgment debtor. When two or more members of a household are debtors whose interests in the homestead are subject to sale on execution, the lien of a judgment or liability in any form, their combined exemptions under this section shall not exceed $20,000. The homestead must be the actual abode of and occupied by the owner, or the owner's spouse, parent or child, but the exemption shall not be impaired by:

(a) Temporary removal or temporary absence with the intention to reoccupy the same as a homestead;

(b) Removal or absence from the property; or

(c) The sale of the property.

(2) The exemption shall extend to the proceeds derived from such sale to an amount not exceeding $15,000 or $20,000, whichever amount is applicable under subsection (1) of this section, if the proceeds are held for a period not exceeding one year and held with the intention to procure another homestead therewith.

(3) The exemption period under paragraphs (b) and (c) of subsection (1) of this section shall be one year from the removal, absence or sale, whichever occurs first.

The debtors argue that, under ORS 23.-240 (1)(b) & (3), they had one year to claim an exemption in the property, regardless of their intent to reoccupy the property as a homestead. They point out that, although the order converting the case was not entered within one year of the date they removed from the property, the motion to convert was filed within one year. Since the court has no option but to convert a Chapter 13 case to a Chapter 7 case upon the filing of a motion to convert, 11 U.S.C., § 1307(a), the debtors argue that the conversion order should be treated as having been entered on the date the motion was filed. Since exemptions are measured on the date of conversion, *In re Kao*, 52 B.R. 452 (Bkrtcy.D.Or.1980), the debtors conclude they are entitled to the homestead exemption.

The trustee argues that the date the conversion order is entered controls. He cites *In re Winchester*, 46 B.R. 492 (9th Cir. BAP 1984), in support of his argument. In *Winchester*, however, the court was not presented with the issue presented in the instant case. In *Winchester*, the debtors sold their homestead on March 20, 1981. The case was converted on August 2, 1982. The date of the filing of the motion to convert is not disclosed. Either the motion was filed after March 20, 1982 or the instant argument was simply not made. In either case, therefore, the court in *Winchester*, was not called upon to resolve this question.

Since, under § 1307(a), the debtor has an absolute right to convert a case under Chapter 13 to a case under Chapter 7, the court is not called upon to exercise discretion in ordering a conversion. The order of conversion is merely ministerial. The debtor's rights should not depend upon the length of time taken to perform this ministerial function. The court therefore agrees that the date of the filing, by the debtor, of a motion to convert from Chapter 13 to Chapter 7 is the controlling date for measuring exemptions. Further, since the motion was filed within one year of the date the debtors moved from the property, ORS

23.240(1)(b) & (3) allows the debtors to claim an exemption in this property.

Accordingly, the trustee's objection will be overruled. This opinion constitutes the court's findings of facts and conclusions of law.