**In re William D. BRILZ d/b/a Kwik Kopy, Debtor.**

**Bankruptcy No. 284–00404.**

United States Bankruptcy Court, D. Montana.

Feb. 2, 1989.

Rex Palmer, Missoula, Mont., for debtor.

Harold V. Dye, Missoula, Mont., Trustee.

## ORDER

JOHN L. PETERSON, Bankruptcy Judge.

In this Chapter 7 case, the Trustee filed a Notice of Intended Trustee Action on September 28, 1988, to pay to the County of Missoula, a political subdivision of the State of Montana, the sum of $5,497.42 as payment for personal property taxes due said creditor which accrued while the Debtor owned and operated the business. The Trustee contends, and the Internal Reve-nue Service (IRS) disputes, that Missoula County has a valid secured claim for personal property taxes and under 11 U.S.C. § 724(b) must be paid prior to other unse-cured tax claimants. Liquidation of the Debtor's assets provided insufficient funds to pay all tax claimants. The IRS contends that all taxes which arose post-petition in the Chapter 13 case are administrative ex-penses which should be paid pro-rata under 11 U.S.C. § 507(a)(1). The Debtor likewise contends that Missoula County's tax lien is not secured, and thus IRS should share pro-rata in the payment of taxes from the estate. The essential facts are not in dis-pute.

After filing for Chapter 7 relief on No-vember 21, 1984, the Debtor converted the case to Chapter 13 on February 11, 1985, and thereafter a Chapter 13 Plan was con-firmed June 10, 1985. The operation of the business did not improve financially, and the Debtor sold the business to McAnally under a contract for $30,000.00 on March 14, 1988. Between the time of confirma-tion and sale of the business, the Debtor had incurred unpaid post-confirmation tax-es to the IRS of $32,885.00 and unpaid personal property taxes to Missoula County of $5,497.42.[1] The Chapter 13 Plan failed, and the case was converted to Chapter 7 on April 7, 1988, with the Trustee appointed to liquidate the estate. The Trustee, upon court approval, ultimately negotiated a cash settlement on the McAnally contract for $15,000.00.

The primary issues are whether Missoula County is a secured creditor and whether all taxes accruing post-petition, and before conversion to Chapter 7, are an administrative expense. I deal with the latter issue first. When a Chapter 13 Plan is confirmed, under § 1327(b) of the Code, "the confirmation vests all of the property of the estate in the debtor". Except for post-confirmation earnings, the assets of the Debtor are those of Debtor, not the estate. Further, the Court held in *In re*

---

1. While the IRS claims some of the Missoula County taxes arose pre-petition, none of those taxes were treated in the Chapter 13 Plan, and, for reasons addressed in this order, all such taxes were a lien on the Debtor's assets. Thus, the entire sum due Missoula County is a secured claim, to which no objection has been filed.

*Mutchler,* 95 B.R. 748, 6 Mont.B.R. 388 (Bankr.Mont.1989), relying on *In re Winchester,* 46 B.R. 492 (9th Cir.BAP 1984) and *In re Kao,* 52 B.R. 452 (Bankr.Or.1985), that assets acquired post-confirmation by the Chapter 13 Debtor passed to the Trustee upon conversion of the Chapter 13 case to Chapter 7. As a consequence, the debts incurred post-confirmation are therefore not treated in the Chapter 13 Plan, but are subject to the provisions of Chapter 7 upon conversion from Chapter 13. This simply means that the status of the claims are to be determined as of the date of conversion. Since both tax claims at issue arose post-confirmation, when the assets of the business were owned by and were vested in the Debtor, the tax claims are not administrative expenses of the Chapter 13 case. The status of both tax claims as of the date of conversion must therefore be determined by federal and local non-bankruptcy law. *Pearlstein v. U.S. Small Business Admin.,* 719 F.2d 1169, 1175 (D.C.Cir.1983).

■ The IRS failed to file any notice of levy for the post-confirmation taxes, and as a result, it is conceded the IRS claim is unsecured. The tax claim of Missoula County, however, under Montana law, is a secured claim in the Chapter 7 case. Under § 15–16–401, M.C.A., every tax due on personal or real property "has the effect of a judgment against the person, and every lien created by this title has the force and effect of an execution duly levied against all personal property in the possession of the person assessed from and after the date the assessment is made". From this statute, Missoula County derives secured creditor status. *See, In re Granite Lumber Co.,* 63 B.R. 466, 469 (Bankr.Mont. 1986), citing *United States v. Christensen,* 218 F.Supp. 722, 728–29 (D.Mont.1963) (liens for real and personal property taxes are superior to a mortgage, except to the extent of penalties and interest).

Distribution of the Chapter 7 estate is governed by Section 724(b), and under that Code section, tax liens are treated as the third priority class under § 724(b)(3). *Granite Lumber Co.,* supra, at 470–471 holds:

"Under 724(b)(1) tax liens are subordinated to mortgage or judgment liens that are senior to the tax lien under the first in time doctrine.

\*　　\*　　\*　　\*　　\*　　\*

Section 724(b)(2) subordinates or postpones payment of the tax claims to other prior claims in 507(a)(1)–(6), which in this case are administrative expenses [ (a)(1) ] and a wage claim [ (a)(3) ], up to the amount of the tax lien.

\*　　\*　　\*　　\*　　\*　　\*

After payment of the administrative expenses and wage claims, the third priority or payment is for the tax lien, 724(b)(3)."

Thus, I conclude since sufficient funds are available to pay expenses of administration as claims due under 507(a), the secured tax lien of Missoula County is entitled to be paid in the sum of $5,497.42.

IT IS ORDERED the Trustee shall make distribution to the County of Missoula in full payment of its claim of $5,497.42 under Section 11 U.S.C. § 724(b)(3).