**In re Michael Lee STROBLE, Marcia B. Cheuvront, Debtors.**

**Bankruptcy No. 5-88-00461.**

United States Bankruptcy Court, W.D. Virginia. Harrisonburg Division.

May 2, 1991.

---

John G. Leake, Harrisonburg, Va., Trustee.

Douglas T. Stark, Harrisonburg, Va., for Trustee.

Robert L. Patterson, Waynesboro, Va., for debtors.

## DECISION AND ORDER

ROSS W. KRUMM, Bankruptcy Judge.

The issue for decision is whether the debtors may amend their exemptions after conversion of their case from Chapter 13 to Chapter 7 and take advantage of a change in the Virginia poor debtor's exemption statute that became effective after the filing of their Chapter 13 petition but before their conversion to Chapter 7.

The debtors filed their petition under Chapter 13 on September 27, 1988, and subsequently filed their Chapter 13 Statement on November 12, 1988. Part of their Chapter 13 Statement was Schedule B-4 where they claimed property exempt under the poor debtor's exemption statute, Code of Virginia § 34-26.

In 1990 the Virginia General Assembly enacted amendments to section 34-26 which became effective July 1, 1990. The amendment at issue here involves sections 34-26(6) and (7), which added exemptions for an automobile.

On October 17, 1990, the debtors' Chapter 13 case was converted to Chapter 7. The debtors filed amended Chapter 7 schedules on December 3, 1990, and stated an intention to claim an exemption in a 1982 Honda Accord using section 34-26, as amended July 1, 1990. On December 31, 1990, the trustee in bankruptcy filed an objection to the exemption claimed in the auto.

A hearing was held on the objection on February 20, 1991, in Staunton, Virginia. During the hearing the debtors' counsel filed an amended Schedule B-4 claiming the automobile as exempt under section 34-26. Counsel for the debtors argued that the debtors may take advantage of exemptions in effect at the time of conversion of their case. Counsel for the trustee argued that the exemptions available to the debtors are those in effect at the time of the original filing of the case under Chapter 13. The parties each submitted a memorandum in support of their respective positions. Based on the evidence and the memoranda, the court finds that the debtors are not entitled to claim exemptions as a result of the amendments to the Virginia poor debtor's exemption statute after they filed Chapter 13 but before they converted to Chapter 7.

11 U.S.C. § 522 states that a debtor may exempt

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition....

The Commonwealth of Virginia has opted out of the federal exemption scheme, and therefore only those exemptions provided by Virginia law in effect on the date of filing of the petition are available to the debtors pursuant to section 522(b)(2)(A).

11 U.S.C. § 348 provides

(a) Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

Despite the above language, the debtors argue that the date of the debtors' conversion to Chapter 7 is the date upon which the applicable exemption law should be de-

**374**

termined, rather than the date of the original filing in bankruptcy. The court finds no merit in this argument.

The debtors rely on the reasoning and ruling of *In re Lindberg*, 735 F.2d 1087 (8th Cir.1984). The *Lindberg* decision advances the date when debtors may claim exemptions to the date a case is converted. The decision ignores the plain wording of the statutes and is grounded in reasoning that draws a distinction between the purpose of claimed exemptions in Chapter 13 and Chapter 7. In the case at bar, this court declines to follow *Lindberg* on two grounds. First, the language of 11 U.S.C. § 522 and § 348 is clear. Second, this court believes that the purpose for which debtors list exemptions in Chapter 7 and Chapter 13 is the same. In each chapter proceeding, the debtor wishes to exclude assets from the reach of creditors and to retain those assets for the fresh start. This is accomplished in Chapter 13 by the debtor's carving out of asset value to satisfy the court and creditors that creditors will receive as much through the Chapter 13 payments as they would in a Chapter 7 liquidation. By excluding assets in a Chapter 13 the debtor reduces the amount which must be paid under the plan. Likewise, in a Chapter 7 the debtor excludes assets to reduce the property of the estate available to pay creditors' claims. In each case the exemption results in a reduction in the amount that creditors will be paid. Since the purpose of the exemption is the same, the timing of the exemption should be the same.

In this case federal law controls which exemption statute the debtors may use. 11 U.S.C. § 522 is clear that the exemption statute in effect at the date of the filing of the petition controls. 11 U.S.C. § 348(a) reinforces section 522 by dictating that a conversion from Chapter 13 to Chapter 7 does not advance the date of filing to the date of conversion. *In re Lepper*, 58 B.R. 896 (Bankr.D.Md., 1986). The debtors' exemptions in this case are limited to those they could have claimed when they filed their Chapter 13 petition on September 27, 1988. *In re Richards*, 43 B.R. 554, 561 (Bankr.D.Minn., 1986). Accordingly, it is

ORDERED:

That the trustee's objection to the claimed exemption is SUSTAINED and the amended exemption disallowed.