**In re Richard Paul BLOEDON and Patricia Bloedon, Debtors.**

**Bankruptcy No. 91–24602 RJB.**

United States Bankruptcy Court, D. Colorado.

March 5, 1992.

Joe R. Farrant, Boulder, Colo., for debtors.

Glen R. Anstine, Denver, Colo., trustee.

### MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER came on for hearing on March 2, 1992, on the Trustee's Objection to Debtors' Claim of Exempt Property.

The facts are not in dispute. Prior to June, 1991, the Debtors resided in Oregon and owned a home there. In June, 1991, Mr. Bloedon came to Colorado to seek employment. Apparently he was successful because Mrs. Bloedon joined him in Colorado in July, 1991, and they rented a place to live. Shortly thereafter, the Debtors listed their home in Oregon for sale. The sale closed October 7, 1991, and the Debtors received net funds of $5,600.00 from the sale. On advice of counsel they segregated those funds and have kept them separate pending this Court's determination.

On November, 4, 1991, the Debtors filed their Chapter 7 petition herein and claimed the $5,600.00 as exempt under the Colorado homestead exemption statute. The Trustee objects to this claim of exemption.

The Colorado homestead exemption statute, C.R.S. § 38–41–201, reads as follows:

Every homestead in the state of Colorado occupied as a home by the owner thereof or his family shall be exempt from execution and attachment arising from any debt, contract, or civil obligation not exceeding in value the sum of thirty thousand dollars in actual cash value in excess of any liens or encumbrances on the homesteaded property in existence at the time of any levy of execution thereon.

In addition, C.R.S. § 38–41–207, provides as follows:

The proceeds from the exempt amount under this part 2, in the event the property is sold by the owner ... shall be exempt from execution or attachment for a period of one year after such sale if the person entitled to such exemption keeps the exempted proceeds separate and apart from other moneys so that the same may be always identified ...

The Trustee's argument is that the Debtors had no homestead in Colorado, but merely brought the cash proceeds from the sale of the property to Colorado. Therefore, argues the Trustee, the Debtors are not entitled to the Colorado exemption.

The Debtors argue that they had a valid Oregon homestead exemption and that under Oregon law, which is similar to Colorado law, these proceeds are exempt for one year from the sale of the property.

Oregon law, as set forth in *In re Humphreys*, 64 B.R. 215 (Bankr.Or.1986), is, indeed, almost identical with Colorado law in its effect, including the exemption for proceeds for one year after sale of the property.

The law is quite clear that when the domicile of the debtors and the forum in which the bankruptcy petition is filed is the same, then the exemption statute to apply is the statute of the forum court. *In re Pederson*, 105 B.R. 622 (Bankr.Colo.1989). Here the domicile of the Debtors for the greater part of the 180 days preceding bankruptcy was Colorado, and the forum is Colorado. Therefore, Colorado law must apply.

The difficult issue presented here is whether, under these circumstances, C.R.S. § 38–41–207 is available to these Debtors. A strict reading of Colorado law would say no. C.R.S. § 38–41–207 specifies that the "proceeds from the exempt amount under this part 2" remain exempt for one year. That reference to part 2 can only refer to the homestead exemption provided for in C.R.S. § 38–41–201, which says "Every homestead in the state of Colorado" is entitled to the exemption. Indeed, C.R.S. § 38–41–205 states: "The homestead mentioned in this part 2 may consist of a house and lot or lots or of a farm consisting of any number of acres." Clearly, a narrow reading of the statute would indicate that the original real property claimed as a homestead must have been located in Colorado.

However, this Court is mindful of the principles underlying the statute. First, the beneficent design of protecting the citizen householder and his family from the dangers and miseries of destitution consequent upon business reverses or upon calamities from other causes; and cultivating the local interest, pride, and affection of the individual, so essential to the stability and prosperity of a government. *Weare v. Johnson*, 20 Colo. 363, 38 P. 374 (1894). *See, also, Barnett v. Knight*, 7 Colo. 365, 3 P. 747 (1884).

The Court would also note that had these Debtors owned a mobile home and brought that mobile home from Oregon to Colorado, they would have been entitled to the mobile home homestead exemption provided for in C.R.S. § 38–41–201.6. But because their homestead consisted of real property which cannot be relocated from Oregon to Colorado, it would appear that the statute denies them an exemption. In a similar vein, had these Debtors taken the $5,600.00 and invested it immediately in a home in Colorado in the one month period before they filed their petition, they would have clearly been entitled to the Colorado exemption. This does not further the policy of the homestead exemption statute. That policy is to allow a debtor to keep a roof over the heads of his family and to prevent them from becoming a drain on the rest of society.

Therefore, this Court concludes that the Debtors here, under these circumstances, are entitled to claim the homestead exemption in the proceeds of $5,600.00 in accordance with C.R.S. § 38–41–207. It is, therefore,

ORDERED that the Objection of the Trustee to the Debtors' claimed homestead exemption is denied.