**In re Violet E. WEED, Debtor.**

**Bankruptcy No. BK–S–96–24354–LBR.**

United States Bankruptcy Court,
D. Nevada.

April 15, 1998.

---

David M. Crosby, Las Vegas, NV, for debtor.

Bonnie Jean Boyce, Las Vegas, NV, for trustee.

Richard Davis, Las Vegas, NV, trustee.

## ORDER GRANTING TRUSTEE'S OBJECTION TO EXEMPTION

LINDA B. RIEGLE, Chief Judge.

This case presents the issue of whether the law in effect on the date of the Debtor's Chapter 13 filing or the law in effect upon the Debtor's conversion to Chapter 7 should govern when there has been a postpetition, preconversion change in the state exemption law.

The Debtor filed a Chapter 13 petition on August 8, 1996 listing an automobile with an appraised value of $8,000 and claiming an exemption in the automobile in the amount of $1,500 pursuant to Nevada law.[1]

During the pendency of the Debtor's Chapter 13 case, effective October 1, 1997, the Nevada legislature amended the exemption statute and increased the amount of the automobile exemption to $4,500. The Debtor converted her case to Chapter 7 on November 20, 1997. During the pendency of the Chapter 13 case, the Debtor paid $2,423.38 to unsecured creditors for the liquidation value of the vehicle. At the time of the conversion, the automobile was appraised at $6,000.

After the conversion, the Debtor filed amended schedules for the purpose of claiming the increased automobile exemption and to reflect a decrease in the appraised value of the automobile. The Trustee filed an objection to the exemption arguing that the exemption law in effect on the date of petition, not the date of conversion, should determine the amount of the exemption.

11 U.S.C. § 522(b)(2)(A) defines exempt property as property which is "exempt under ... State or local law that is applicable *on the date of the filing of the petition* ...." (emphasis added). 11 U.S.C. § 348(a) also controls. It provides that conversion from one chapter to another does not alter the filing date of the original petition. Read together, these two provisions of the Bankruptcy Code dictate that the law applicable on the date of filing controls. *See United States v. Ron Pair Enter., Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989) (where a statutory scheme is clear, "the inquiry should end").

Despite this statutory language, the Debtor asks this Court to recognize the holdings of two Bankruptcy Appellate Panel cases, *In re Winchester*, 46 B.R. 492 (9th Cir. BAP 1984) and *In re Alderman*, 195 B.R. 106 (9th Cir. BAP 1996). Both hold that the date

---

**1.** At the time of the Chapter 13 filing, N.R.S. 21.090(1)(f) provided for the exemption of one vehicle "if the judgment debt equity does not exceed $1,500 or the creditor is paid an amount equal to any excess above that equity."

of conversion from Chapter 13 to Chapter 7 controls the date on which to determine exemptions in the Chapter 7 estate. While it might initially appear that these two cases have decided the matter, such is not the case. The precise issue before this Court, a postpetition, preconversion change in the state exemption law, was not before the Panel in either *Winchester* or *Alderman*.

In *Winchester* and *Alderman* the applicable law was the same on the petition date as it was on the conversion date. In *Winchester* it was a change in the circumstances of the debtors, *not the applicable law*, which had changed. Similarly, in *Alderman*, the Panel was not required to address the consequences of a change in the exemption law.[2] Neither case holds that the date of conversion determines the *substantive law* which must be applied to the exemption. Furthermore, the rationale of both cases relied on policy considerations which have been undercut by a recent amendment to the Bankruptcy Code.

*Winchester* and *Alderman* are based largely on the rationale that exemptions must be determined on the date of conversion otherwise property acquired after commencement of the Chapter 13 but before conversion to Chapter 7 would not be included in the Chapter 7 estate. In 1994 the Bankruptcy Code was amended to provide that in a converted case the estate consists only of property of the estate as of the date of the original filing that remains in the possession of the debtor on the date of the conversion. 11 U.S.C. § 348(f)(1)(A). The amendment thus clarifies the property to be included in the debtor's postconversion Chapter 7 estate. As a result of the amendment, the concerns of *Winchester* and *Alderman* as to after-acquired property have been resolved. Indeed, the legislative history[3] explains that the amendment was intended to overrule *In re Lybrook*, 951 F.2d 136 (7th Cir.1991), which, like *Winchester* and *Alderman*, reasoned that property of the converted estate should be determined on the date of conversion.[4]

A second prong of the rationale in *Winchester* and *Alderman* draws a distinction between the purpose of claimed exemptions in Chapter 13 and Chapter 7. The two cases reasoned that exemptions should be determined on the date of conversion because it is the relevant date for filing exemptions. The cases observed that a Chapter 13 debtor usually does not file a list of exemptions at the inception of the Chapter 13 case, and has no incentive to, since he retains all property while in a Chapter 7 case, the debtor must list exempt property or it will be liquidated.

To the extent that there is such a distinction in the purpose for claiming exemptions, it does not mandate that the *applicable state exemptions law* must be determined as of the date of conversion. To hold that the law on the date of conversion controls would be tantamount to creating a new filing date, which is precluded by 11 U.S.C. § 348(a).

■ 11 U.S.C. § 522(b)(2)(A) is clear. Exempt property is defined by the state law

---

**2.** In *In re Winchester*, 46 B.R. 492 (9th Cir. BAP 1984), the debtors had failed to reinvest proceeds from the sale of the their homestead within one year. Under Oregon law, they had a right to claim a homestead exemption if the petition date controlled but no right if the conversion date controlled. The Panel held that exemptions and property of the Chapter 7 estate should be determined as of the conversion date, not the petition date, on the stated grounds that otherwise after-acquired property in the Chapter 13 case would not be included in the Chapter 7 estate. *Id.* at 495. Similarly, in *In re Alderman*, 195 B.R. 106 (9th Cir. BAP 1996), the Panel was not required to address the consequences of a change in the state exemption law between the date of filing and the date of conversion. In *Alderman*, after the Chapter 13 debtors converted their case to a Chapter 7, the trustee filed a motion to determine a homestead exemption value. The court

reduced the preconversion exemption which had been allowed in the debtors' confirmed plan and the Bankruptcy Appellate Panel affirmed, holding that "[l]ogically, the conversion date should control otherwise the after-acquired property would not be in the Chapter 7 estate."

**3.** 140 Cong.Rec. H10752–01 (Oct. 4, 1994).

**4.** Congress passed the amendment to resolve a circuit split on whether properly to be included in a converted bankruptcy estate should be determined as of the date of the filing of the original petition or as of the date of conversion. *In re Lybrook*, 951 F.2d 136 (7th Cir.1991), which was overruled by the amendment, cited *In re Lindberg*, 735 F.2d 1087 (8th Cir.1984), *cert. denied*, 469 U.S. 1073, 105 S.Ct. 566, 83 L.Ed.2d 507 (1984) for support. *In re Lindberg* was cited for support by *Alderman*.

that is applicable on the date of the filing of the petition. *In re Hyman*, 967 F.2d 1316, 1318 n. 2 (9th Cir.1992) (postpetition increase in homestead unavailable to debtors because "an exemption amount is determined on the date the petition is filed"). Thus, the law in effect on the date of filing controls what exemptions will be available to a debtor who converts from Chapter 13 to Chapter 7. *See In re Marcus*, 1 F.3d 1050 (10th Cir.1993) (law in effect on filing Chapter 13 petition, rather than date of conversion, controls where there is change in the substantive law between filing and conversion); *In re Stroble*, 127 B.R. 372 (Bankr.W.D.Va.1991) (debtors could not amend exemptions after conversion from Chapter 13 to Chapter 7 to take advantage of postpetition, preconversion change in state exemption law).

Accordingly, the Trustee's objection is granted. In addition, the Debtor is entitled to credit for the sums which were paid to the unsecured creditors during the pendency of the Chapter 13 case.

IT IS SO ORDERED.