In re Richard H. ROGERS, Debtor.

In re Eleanor E. Rogers, Debtor.

Nos. BK–S–01–10947–LBR,
BK–S–01–10953–LBR.

United States Bankruptcy Court,
D. Nevada.

April 9, 2002.

Timothy Cory, Las Vegas, NV, trustee.

Thomas Crowe, for debtors.

John Laxague, Southbend, IN, for creditor.

## ORDER DENYING OBJECTIONS TO EXEMPTION AND ORDER GRANTING REQUEST FOR JUDICIAL NOTICE

LINDA B. RIEGLE, Bankruptcy Judge.

The question before this Court is whether conversion of a case from Chapter 13 to Chapter 7 triggers a new time period within which to file objections to property claimed as exempt. Given the plain language of the statutes, this Court holds that conversion from Chapter 13 to Chapter 7 does not restart the 30–day period for filing objections under FED. R. BANKR. P. 4003(b).

### Facts

The debtor, Richard Rogers ("Debtor") filed a Chapter 13 petition on February 5, 2001. On "Schedule C" he claimed an exemption for "term on whole life insurance" in the amount of $95,000.[1]

The Chapter 13 trustee concluded the 11 U.S.C. § 341 meeting of creditors on March 27, 2001. No objections were filed to the Debtor's claimed exemption of the life insurance within the 30–day time period as allowed by FED. R. BANKR. P. 4003(b).

The Debtor's case was later converted to a Chapter 7 on November 7, 2001. A "Notice of Chapter 7 Bankruptcy Case" was issued by the clerk's office on November 16, 2001. The notice stated that the meeting of creditors would be held on December 20, 2001, and that the deadline to object to exemptions would be 30 days after the conclusion of the creditors' meeting. The § 341 meeting was continued, and it was concluded on January 8, 2002.

On January 18, 2002 the Chapter 7 trustee and Creditor Skyline 21, Los Altos,

---

1. The Debtor's wife, Eleanor Rogers filed a separate Chapter 13 petition. An order for joint administration of the cases was entered on February 21, 2002. Eleanor Rogers has not scheduled an exemption for an insurance policy.

LP and Skyline Pacific Properties, LLC ("Skyline") each filed objections to the Debtor's claimed exemption of the "whole-life insurance."[2] The basis of Skyline's objection ("Objection") was that the policy was not "insurance" within the meaning of the Nevada statute, that the policy was purchased in fraud of creditors and was exempt in its entirety, or alternatively that under the terms of the Nevada statute less than 1% of the cash value of the policy could be exempted.

Skyline also filed, on January 18, 2002, a "Request For Judicial Notice of Trial Exhibits and Trial Transcript" in connection with its Objection. The "Request For Judicial Notice" asks that the Court take judicial notice of: (1) the exhibits submitted by Skyline in connection with an August 31, 2001 evidentiary hearing to convert the Debtor's case to Chapter 13; and (2) the transcript of that hearing.

The Debtor opposes the objections on the stated grounds that they are untimely and that pursuant to *In re Smith*, 235 F.3d 472 (9th Cir.2000) the conversion of a case from one chapter to another does not trigger a new period within which to file an objection to a debtor's exemption.

### *Discussion*

In a converted case, objections to an exemption are governed by the interplay between FED. R. BANKR. P. 4003(b), 11 U.S.C. § 348(a), and FED. R. BANKR. P. 1019(2).

FED. R. BANKR. P. 4003(b) provides that an objection to an exemption must be filed within 30 days after the § 341 meeting of creditors. Rule 4003(b) states, in pertinent part:

A party in interest may file an objection to the list of property claimed as exempt *only within 30 days after the meeting of creditors held under § 341(a) is concluded* or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. The court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension. (Emphasis added).

11 U.S.C. § 348(a) states that the conversion of a case from one chapter to another does not alter the filing date of the petition. It provides:

Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, *but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.* (Emphasis added).

Finally, upon conversion, the Bankruptcy Rules specify new deadlines under RULE 3002 (filing of claims), RULE 4004 (object to discharge), and RULE 4007 (determine dischargeability), but *none* for objections to exemptions under RULE 4003(b). FED. R. BANKR. P. 1019(2) provides:

New Filing Periods

A new time period for filing claims, a complaint objecting to discharge, or a complaint to obtain a determination of dischargeability of any debt shall commence pursuant to Rules 3002, 4004, or 4007, provided that a new time period shall not commence if a chapter 7 case had been converted to a chapter 11, 12, or 13 case and thereafter reconverted to a chapter 7 case and the time for filing claims, a complaint objecting to discharge, or a complaint to obtain a determination of the dischargeability of any

---

**2.** The trustee, on February 7, 2002, filed a joinder to Skyline's objection. Similarly, on February 12, 2002, Skyline filed a joinder in the trustee's objection.

debt, or any extension thereof, expired in the original chapter 7 case.

The Ninth Circuit has not answered the question of whether conversion from Chapter 13 to Chapter 7 restarts the time to object to exemptions. The Ninth Circuit *has* decided, however, the closely analogous situation that exists when there is a conversion from Chapter 11 to a Chapter 7, answering that question in the negative.

In *In re Smith*, 235 F.3d 472 (9th Cir. 2000), a debtor claimed an exemption in a private retirement plan. The trustee adjourned a § 341 meeting of creditors, but no subsequent meeting ever took place. Creditors then filed objections to the exemption almost eight months later. The debtor sought dismissal of the objections on the grounds they were late, which the bankruptcy court denied. Later, the case was converted to a Chapter 7. A Chapter 7 trustee was appointed and another meeting of creditors was convened. The creditors filed supplemental objections within 30 days of the creditors meeting and the bankruptcy court sustained the objections. The debtor appealed the pre-conversion ruling, and the district court reasoned that because conversion required a new creditors meeting to be held, conversion started a new period for filing objections. The district court determined that since Smith had converted his Chapter 11 case to a Chapter 7, the objections period had restarted.

The Ninth Circuit Court of Appeals reversed, holding that conversion from Chapter 11 to Chapter 7 did not begin a new thirty-day period for objections under FED. R. BANKR. P. 4003(b):

[C]onversion does not reset the date of the order for relief. 11 U.S.C. § 348(a). 'The purpose of section 348 is to preserve actions already taken in the case before conversion ... To effect this purpose, section 348(a) establishes the general rule that, in a converted case, the

dates of the filing, the commencement of the case and the order for relief remain unchanged by the conversion.' Except for certain specifically enumerated filing deadlines, *see* 11 U.S.C. § 348(b) and (c), § 348 'does not effect a change in the date of ... the order for relief.' 11 U.S.C. § 348(a). Furthermore, Rule 1019(2), which 'implements' § 348's provisions on conversion from Chapter 11 to Chapter 7, specifies new time periods for a number of events, *see* Fed. R. Bankr.P. 1019(2) (resetting Rule 3002, 4004, and 4007 deadlines), but none for objections to exemptions pursuant to Rule 4003(b). Reading Rule 1019(2) in conjunction with § 348 compels the conclusion that § 348 generally requires the order for relief to remain unaltered by conversion from Chapter 11 to Chapter 7. To the extent that rule 1019(2) resets any deadlines, it does so only for those exceptions expressly enumerated in section §§ 348(b) and (c).

*In re Smith*, 235 F.3d 472, 477 (9th Cir. 2000) (citations omitted).

There is no basis for departing from the plain language of the Code and Rules, or from treating the conversion of a case from Chapter 11 to Chapter 7, as in *Smith*, any differently from the conversion of a case from Chapter 13 to Chapter 7, as in the case *sub judice*. The same statutory scheme applies in either situation. *See United States v. Ron Pair Enter., Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989)(where statutory scheme is clear, "the inquiry should end"). Like the conversion from Chapter 11 to Chapter 7 in *Smith*, FED. R. BANKR. P. 1019(2) "implements" § 348's provisions on conversion from Chapter 13 to Chapter 7. And as pointed out in *Smith*, a new period for objections to exemptions pursuant to RULE 4003(b) is not provided for in RULE 1019(2).

Despite both the clear statutory scheme and *In re Smith*, 235 F.3d 472, 477 (9th

Cir.2000), Skyline argues that the purpose of exemptions in a Chapter 13 case is "very narrow," that a Chapter 13 debtor retains possession of all his property and the only purpose for listing exemptions is so that the liquidation value of the debtor's estate can be analyzed for confirmation. "It would be absurd to require creditors and the Chapter 13 Trustee," Skyline argues, "to object to a Chapter 13 debtor's exemptions in hopes that, someday, the case might be converted to Chapter 7." Skyline urges this Court to recognize the holdings of two Bankruptcy Appellate Panel cases, *In re Alderman*, 195 B.R. 106 (9th Cir. BAP 1996) and *In re Winchester*, 46 B.R. 492 (9th Cir. BAP 1984).

*Alderman* and *Winchester* draw a distinction between the purpose of claiming exemptions in a Chapter 13 as opposed to a Chapter 7, reasoning that exemptions are listed in a Chapter 13 only for the purposes of a liquidation comparison under § 1325(a)(4). *Winchester* further reasons that a Chapter 13 trustee has no reason to object to exemptions since a debtor remains in possession of his assets. "It is not until the date of conversion, when assets are physically transferred, that the trustee and creditors have any reason to object to the debtor's claimed exemptions." *In re Winchester*, 46 B.R. 492, 495 (9th Cir. BAP 1984).

The arguments advanced by Skyline are not persuasive. The review of a Chapter 13 debtor's exemptions is neither academic nor speculative. Exemptions are important from the outset of a Chapter 13 case and a creditor or trustee has every incentive to examine them. Section 1325(a)(4) requires a showing that creditors will receive more under a Chapter 13 plan than under a Chapter 7 liquidation. The exemptions claimed by a debtor are thus a crucial element in making that determination for purposes of confirmation.

A second rationale in *Alderman* and *Winchester*, that the conversion date controls the date on which to determine a debtor's exemptions, was based largely on concerns which have been undercut by a 1994 amendment to the Bankruptcy Code. *Alderman* and *Winchester* reasoned that exemptions must be determined on the Chapter 7 conversion date otherwise after-acquired property would not be in the Chapter 7 estate. In 1994, however, the Bankruptcy Code was amended to provide that in a converted case the estate consists only of property of the estate as of the date of the original filing that remains in the possession of the debtor on the date of the conversion. 11 U.S.C. § 348(f)(1)(A). The amendment thus clarifies the property to be included in the debtor's post-conversion Chapter 7 estate, and the concerns of *Winchester* and *Alderman* as to after-acquired property have been resolved. *See In re Weed*, 221 B.R. 256, 258 (Bankr. D.Nev.1998).

Given that the same statutory scheme applies in both conversions from Chapter 11 to Chapter 7, as in *In re Smith*, 235 F.3d 472 (9th Cir.2000), and to Chapter 13 to 7 conversions, as here, this Court is bound by the more recent analysis of the Ninth Circuit Court of Appeals in *Smith*.

Accordingly, the objections of Skyline and the trustee are hereby denied. Additionally, in connection with this ruling, Skyline's "Request For Judicial Notice" is hereby granted, pursuant to Fed.R.Evid. 210, as made applicable by Fed. R. Bankr. P. 9017. *See also, United States v. Wilson*, 631 F.2d 118, 119 (9th Cir.1980)(court may take judicial notice of its own records).

**IT IS SO ORDERED.**