**In re Mary Elizabeth HORTON, Debtor.**

**Bankruptcy No. 88 B 9723 J.**

United States Bankruptcy Court,
D. Colorado.

July 25, 1991.

M. Stephen Peters, Wheat Ridge, Colo., Chapter 7 Trustee.

Mark Davis, Harold J. Baer, Jr., P.C., Denver, Colo., for debtor.

Janet M. Strickland, Denver, Colo., for the Standing Chapter 13 Trustee.

Leo Weiss, Denver, Colo., for the U.S. Trustee.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court upon the Chapter 7 Trustee's Motion for Turnover of Property from Debtor filed June 26, 1991, and the Debtor's Objection thereto.

On July 22, 1988, the Debtor filed a Chapter 13 petition. In her schedules she listed a 1985 Lincoln automobile as an asset valued at $15,000.00 and upon which she owed $15,000.00.

The Debtor's Chapter 13 Plan was confirmed on October 3, 1988. That Plan specifically provided that the claim of the secured creditor on the automobile was excluded from the Plan and not provided for in the Plan but her budget did provide that she would pay the creditor monthly.

In 1990 the Debtor submitted an amended plan which was subsequently confirmed, but it did not alter the treatment of the creditor secured by the automobile. The Debtor was unable to complete payments under her amended plan and the case was converted to Chapter 7 on April 25, 1991. However, during the life of the Chapter 13 proceeding the Debtor successfully paid off the creditor secured by the automobile and at the time of conversion she owned the Lincoln free and clear. In addition, she had paid a total of $22,036.00 to the Chapter 13 Trustee under her Plan(s).

On June 21, 1991, the Debtor testified at her Chapter 7 meeting of creditors under § 341, Title 11 U.S.C., that the value of the automobile was $5,000.00. She has claimed the Colorado exemption under C.R.S. § 13–54–102(1)(J)(I) of $1,000.00.

The Chapter 7 Trustee asserts that the current equity of the Debtor in the car, over and above the exemption, or $4,000.00, is property of the Chapter 7 estate and requests that it be turned over to the estate. The Debtor objects and asserts that the Court should not look to the current equity, but rather to the equity that existed at the time of the original filing of the bankruptcy on July 22, 1988. At that time the automobile was fully encumbered and there was no equity.

At the hearing, the Debtor asserted that the car really was not worth $5,000.00. Neither party had an opportunity to obtain an appraisal and the Court instructed that the Debtor should make the vehicle available to the Trustee for inspection and appraisal and suggested that if the Trustee agreed that the car was not worth more than the exemption the matter might be settled without the necessity of this Court's decision. The hearing was held on July 1, 1991, and the Court has not been informed that its decision is unnecessary and therefore will continue.

An analysis must begin with 11 U.S.C. § 348 which provides for the effects of conversion from one chapter to another under the Bankruptcy Code. That section provides:

(a) Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but,

except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

Property of the estate is defined in § 541 and in subsection (a) it states: "The commencement of a case [under] section 301, 302, or 303 of this title creates an estate ..." It goes on to describe, generally, that all property of the Debtor, both legal and equitable, on the date of the commencement of the case is property of the estate. If we were to stop here, the Debtor would be correct in her assertion that on the date of the commencement of the case she had no equity in the car, and thus there was no property of the estate.

However, the Chapter 7 Trustee points to § 1306 which provides that in a Chapter 13 case, property of the estate consists of all the property described in § 541 *PLUS:*

(1) all property of the kind specified in such section [541] that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first; and (2) earnings from the services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first.

Thus, argues the Chapter 7 Trustee, the equity acquired by the Debtor post-petition became property of the estate. That argument has some appeal. However, § 1306 only applies in a chapter 13 case. Congress specifically so provided in § 103(h) when it declared that "Chapter 13 of this title applies only in a case under such chapter." *See also, Genova v. Thurman,* 43 B.R. 108 (Bankr.Colo.1984). This case is now a case under Chapter 7 and § 1306 has no applicability. Thus, we are left with the definition of "property of the estate" as contained in § 541, which does not include property acquired after the commencement of the case.

Congress did provide in §§ 348(b) and (c) that the date of conversion would control in certain other sections of the Bankruptcy Code, but neither § 1306 or § 541 are included in those enumerations. Under the statutory interpretation doctrine of *inclusio unius est exclusio alterius* §§ 1306 and 541 are therefore excluded from any exception under §§ 348(b) and (c). Thus, pursuant to § 348(a), any reference to the date of filing of the petition, to commencement of the case, or to the order for relief contained in § 541 must be the date the original petition was filed.

The undersigned is aware of a recent decision by the Hon. Patricia Ann Clark of this Court wherein it was held that date of conversion from Chapter 13 to Chapter 7 determines the date for claiming exemptions. (*See, In re Marcus,* 128 B.R. 294 (Bankr.Colo.1991)). That case would seem to support the Chapter 7 Trustee's position here, although it is not directly on point. In that case Judge Clark recognizes that numerous courts have considered the issue and the there is a split of authority. The undersigned also recognizes this split among the Courts. However, a plain reading of the statute compels the decision herein. It is argued that because § 348(d) entitles a debtor to discharge in a Chapter 7 of claims which arose after commencement of the Chapter 13 case but prior to the conversion to Chapter 7, then it is only fair that the Debtor's assets acquired during that same time period become property of the estate. Although that argument has much to commend it under general equitable principles, that is not what Congress provided. It is, therefore,

ORDERED that the equity the Debtor acquired in the subject automobile during the pendancy of the Chapter 13 case is not property of the estate in the current Chapter 7 case and the Motion for Turnover is denied.