**In re Ginger Lea MARCUS, Debtor.**

**Ginger Lea MARCUS, Plaintiff–Appellant,**

**v.**

**Sally J. ZEMAN, Chapter 13 Trustee and M. Stephen Peters, Chapter 7 Trustee, Defendant–Appellees.**

**No. 91–K–1173.**
**Bankruptcy No. 88 B 17455 C.**

United States District Court, D. Colorado.

May 26, 1992.

---

M. Stephen Peters, pro se.

Sally Zeman, Chapter 13 Trustee, pro se.

John Cimino, Denver, Colo., for Marcus.

## MEMORANDUM DECISION
## ON APPEAL

KANE, Senior District Judge.

This case is before me on debtor's appeal from a ruling by the bankruptcy court sustaining the chapter 7 trustee's objection to the debtor's claim of exemption. The bankruptcy court held that when a chapter 13 case is converted to one under chapter 7, exemption law in effect as of conversion date is controlling, not exemption law as of date of initial chapter 13 filing. *In re Marcus*, 128 B.R. 294 (Bankr.D.Colo.1991). I review the bankruptcy court's decision de novo, since a question of law is concerned. Finding no error in the bankruptcy court's decision, I affirm the decision.

### I. *Facts and Procedural History*

On December 20, 1988, Ginger Lea Marcus ("debtor") filed a chapter 13 petition. The bankruptcy court confirmed her plan for reorganization on May 10, 1989. In her chapter 13 schedules, the debtor disclosed two individual retirement accounts (IRAs) totaling $4,746. She claimed $3,559.50 of the IRAs as exempt property pursuant to Colo.Rev.Stat. § 13–54–102 [sic]. The proper statute for exemption at the time was § 13–54–104(1.1), which provided exemption in a bankruptcy proceeding for 75% of the "avails" from an IRA account.

On June 14, 1990, the bankruptcy court held § 13–54–104(1.1) unconstitutional because it unfairly created two different levels of exemptions, one for individuals in bankruptcy and a second less permissive scheme for those not in bankruptcy. *In re Mata*, 115 B.R. 288, 290–91 (Bankr.D.Colo. 1990). The legitimacy and appropriateness of the *Mata* decision is not before me in this appeal.

On October 12, 1990, the debtor converted her chapter 13 case to one under chapter 7. On December 6, 1990, the trustee objected to the debtor's claim of exemption for the IRAs, asserting that *Mata* made her claim invalid. The bankruptcy court sustained the trustee's objection. It found that when a debtor converts a case to one under chapter 7, the date of the conversion fixes the law applicable to any claimed exemptions. Since the bankruptcy court had declared § 13–54–104(1.1) unconstitutional on June 14, 1990, the debtor was not entitled to exemption for her IRA accounts. This appeal followed.

### II. *Discussion*

This case requires me to interpret three sections of the code. 11 U.S.C. § 348(a) provides that

> [c]onversion of a case under one chapter of this title to a case under another chapter of this title constitutes an order of relief under the chapter to which the case is converted, but ... does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

Under 11 U.S.C. § 541, the commencement of a case creates a bankruptcy estate consisting of certain statutorily defined property. Thus, a literal reading of §§ 348(a) and 541 tends to suggest that the estate's corpus consists of whatever property was in the estate at the time the original petition was filed. 11 U.S.C. § 1306(a), however, expands the chapter 13 estate beyond the composition that § 541 describes. It provides that

property of the estate includes, in addition to the property specified in section 541 of this title—(1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first.... 

11 U.S.C. § 1306(a). Since § 348 does not directly address the composition of the estate upon conversion, the courts have been forced to make their own interpretations.

The eighth circuit was the first to interpret the statutes to define and fix exemptions as of the time of conversion, not the time of original filing. *Armstrong v. Lindberg (In re Lindberg)*, 735 F.2d 1087 (8th Cir.) *cert. denied*, 469 U.S. 1073, 105 S.Ct. 566, 83 L.Ed.2d 507 (1984). In *Lindberg*, the court had to decide whether to allow an amended schedule increasing the debtors' homestead exemption from $20,000 to $80,000. 735 F.2d at 1088. Post petition but pre-conversion, the debtors had physically moved their residence, thus raising the legal issue before the court. The *Lindberg* court advanced a number of reasons why the estate should be defined as of the date of the conversion order.

First, debtors designate exemptions "for a limited purpose in chapter 13 cases." 735 F.2d at 1089. That is, they designate exemptions only to determine whether creditors are likely to be paid more under the chapter 13 plan than they would under a chapter 7 liquidation. Second, a debtor in a chapter 13 proceeding remains in possession of the estate's property while a chapter 7 debtor does not. Third, it would be anomalous to define the property of the estate by a different date than that used to define the exemptions available to the debtor. *Id.* at 1090. Fourth, the *Lindberg* court thought that a debtor's right to claim exemptions should not be impaired when converting from chapter 13 to chapter 7, since a chapter 13 proceeding is purely voluntary. *Id.*

Many lower courts have followed *Lindberg's* lead. An equal number, perhaps, have criticized its approach as contrary to the plain meaning and logic of the statute, notwithstanding its equitable appeal. Among the decisions rejecting the *Lindberg* approach is *In re Horton*, 130 B.R. 326 (Bankr.D.Colo.1991). There, the court reasoned as follows. § 1306 only applies in a chapter 13 case. *See* 11 U.S.C. § 103(h) ("Chapter 13 of this title applies only in a case under such chapter."). Once converted to a chapter 7 case, § 1306 no longer has any applicability. Thus, the court "is left with the definition of 'property of the estate' as contained in § 541, which does not include property acquired after the commencement of the case." 130 B.R. at 328. Congress did provide in §§ 348(b) and (c) that the date of conversion would control in certain specified sections of the bankruptcy code, but left out both § 1306 and § 541. Thus, under the maxim *inclusio unius est exclusio alterius*, §§ 1306 and 541 "are excluded from any exception under §§ 348(b) and (c)." *Id.* Thus, the date of original filing of the chapter 13 petition must control a debtor's exemptions. *Id.*

From a strict constructionist approach, there is much to commend the *Horton* approach. I am persuaded, however, that the *Lindberg* view is more equitable and consonant with the overall philosophy of the bankruptcy code. One bankruptcy court has said that § 348 should not be a disruptive source or an act of nullification, but rather should preserve the continuity of the bankruptcy proceedings.

> It is not designed to change what has gone before but, rather, to leave matters as they exist on the date of conversion. Only to the extent necessary to assist in the administration of the bankruptcy estate, broaden the creditor body who may participate in its distribution and, concomitantly, the scope of a debtor's discharge does § 348 have other provisions of the Code operate from the date of conversion. To interpret § 348 as requiring the court to reshuffle the bankruptcy estate upon conversion is to make it a source of disruption.

*In re Lybrook*, 107 B.R. 611, 613 (Bankr. N.D.Ind.1989). With this analysis I agree.

**806**

Accordingly, I affirm the judgment of the bankruptcy court and hold that when a debtor converts a chapter 13 proceeding to one under chapter 7, the debtor's exemptions shall be determined as of the date of conversion, not the date of the original filing of the chapter 13 filing.