**In re Ginger Lea MARCUS, Debtor.**

**Ginger Lea MARCUS, Appellant,**

v.

**Sally J. ZEMAN, Chapter 13 Trustee; M. Stephen Peters, Chapter 7 Trustee, Appellees.**

No. 92–1180.

United States Court of Appeals, Tenth Circuit.

July 26, 1993.

John A. Cimino, P.C., Denver, CO, for appellant.

M. Stephen Peters, Wheat Ridge, CO, for appellee M. Stephen Peters.

Before SEYMOUR and TACHA, Circuit Judges, and ROGERS,* Senior District Judge.

TACHA, Circuit Judge.

This is an appeal from a decision of the district court affirming a bankruptcy court order sustaining the Chapter 7 trustee's objection to a claimed exemption. *See Marcus v. Zeman (In re Marcus)*, 140 B.R. 803, 806 (D.Colo.1992). In affirming the bankruptcy court, the district court held that the law in effect as of the date of conversion from Chapter 13 to Chapter 7, rather than the original filing date, determines whether an exemption will be available. *Id.*[1]

Debtor Ginger Lea Marcus filed her original Chapter 13 bankruptcy petition on December 20, 1988. At that time, she claimed an exemption for portions of her Individual Retirement Accounts pursuant to Colorado law. During the pendency of the Chapter 13 proceeding, however, a Colorado bankruptcy court held the IRA exemption statute was unconstitutional, presumably extinguishing the exemption.[2] *See In re Mata*, 115 B.R. 288, 291–92 (D.Colo.1990). As a consequence, when debtor converted the case to Chapter 7, the trustee filed an objection, arguing she could no longer claim an exemption in the IRAs.

The bankruptcy court appropriately identified the issue presented as "whether, when a debtor converts a case from a Chapter 13 to one under Chapter 7, the date of conversion determines the date for claiming exemptions or whether the date of the original filing of the Chapter 13 petition controls." *In re*

*Marcus*, 128 B.R. 294, 295 (D.Colo.1991). The only circuit court to address this issue held, as did the district court here, that the date of conversion controls. *Armstrong v. Lindberg (In re Lindberg)*, 735 F.2d 1087, 1088 (8th Cir.), *cert. denied*, 469 U.S. 1073, 105 S.Ct. 566, 83 L.Ed.2d 507 (1984). Two bankruptcy courts have specifically rejected this approach in situations substantially similar to those presented here. *See In re Schoonover*, 147 B.R. 430, 432–33 (S.D.Ohio 1992); *In re Stroble*, 127 B.R. 372, 374 (W.D.Va.1991).

We begin our analysis by examining the applicable statutory scheme. *See United States v. State of Colorado*, 990 F.2d 1565, 1575 (10th Cir.1993) (in case of statutory construction, starting point is statutory language). Section 522 of title 11 governs exemptions generally. That statute defines exempt property as any that is "exempt under ... State or local law that is applicable *on the date of the filing of the petition.*" 11 U.S.C. § 522(b)(2)(A) (emphasis added). Code § 348(a) is also applicable here. It provides that conversion from one chapter to another does not alter the filing date of the original petition. When read together, these two code provisions require a determination that the law applicable at the date of filing controls exemptions.

We recognize this conclusion might appear to conflict with the position which the Eighth Circuit adopted in *Lindberg*. In that case, however, there was not a change in the law applicable to exemptions. Rather, the debtors sought to change their exemption upon conversion based on a change in circumstances. They wanted to change their homestead exemption because they moved to a different piece of property post-filing but pre-conversion. 735 F.2d at 1088. Thus, the facts, but not the applicable law, were differ-

---

* Honorable Richard D. Rogers, United States District Judge for the District of Kansas, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. In November of 1991, this court addressed the constitutionality of the Colorado statute in a footnote, rejecting the rationale of *In re Mata*. *See Kulp v. Zeman (In re Kulp)*, 949 F.2d 1106, 1109 n. 3 (10th Cir.1991). Debtor did not raise this issue in the district court or here, however. Therefore, we consider it waived. Moreover, our disposition obviates the need to consider this issue.

ent. The new property had a greater value, which they sought to preserve through a change in the exemption. *Id.*

The *Lindberg* court was not required to address the consequences of a change in the law between filing and conversion. Where, as here, the law, rather than the facts, has changed, the plain language of the statutes dictates the result. *See In re Schoonover*, 147 B.R. at 432 ("Where, as here, a statutory scheme is coherent and consistent, there is generally no need for the court to inquire beyond the plain language of the statute."). We hold that the law in effect on the date of filing controls what exemptions will be available to a debtor converting from Chapter 13 to Chapter 7.

The judgment of the United States District Court for the District of Colorado is RE-VERSED. The case shall be REMANDED to the district court for further proceedings consistent with this opinion.