**In re Allison Phillips CAMPBELL, also known as Allison Phillips, Debtor.**

**Allison Phillips Campbell, Appellant,**

v.

**Mark R. Stewart, Trustee, Appellee.**

**BAP No. WY–03–057.
Bankruptcy No. 03–20145.**

United States Bankruptcy Appellate Panel of the Tenth Circuit.

Aug. 16, 2004.

---

314

Georg Jensen of the Law Offices of
Georg Jensen, Cheyenne, WY, for Appellant.

Mark R. Stewart, Chapter 3 Trustee,
Cheyenne, WY, pro se.

Before MICHAEL, THURMAN, and
WEAVER [1], Bankruptcy Judges.

OPINION

THURMAN, Bankruptcy Judge.

The Chapter 13 debtor timely appeals a
final Order of the United States Bankruptcy Court for the District of Wyoming denying her claim of a homestead exemption.[2] The parties have consented to this
Court's jurisdiction because they have not
elected to have the appeal heard by the
United States District Court for the Dis-

---

**1.** The Honorable T.M. Weaver, United States
Bankruptcy Judge, United States Bankruptcy
Court for the Western District of Oklahoma,
sitting by designation.

**2.** 28 U.S.C. § 158(a)(1); Fed. R. Bankr.P.
8002(a).

trict of Wyoming.[3] For the reasons stated below, the bankruptcy court's Order is VACATED.

## I. *Background*

The debtor was unable to obtain financing to purchase a house. As a result, her former spouse, Kim Andrew Campbell (Campbell), purchased a house located in Cheyenne, Wyoming for her to use. The debtor contributed funds that she had received from the sale of the couple's former marital home as a down payment on the house, and Campbell financed the remainder of the purchase price. Campbell did not live in the house, but rather leased it to the debtor, and the debtor paid him rent. Campbell gave the debtor an irrevocable "Option to Purchase" the home from him in consideration for her contribution of the down payment. The Option to Purchase allowed the debtor to purchase the home when she was able to obtain the necessary financing.

When the debtor filed her Chapter 13 petition in January 2003, she continued to live in Campbell's house pursuant to the lease arrangement. She had not exercised the Option to Purchase.

The debtor listed the house as exempt under Wyoming homestead law in her Schedules. The Chapter 13 trustee (Trustee) timely objected to the claimed exemption, asserting that it should be disallowed because the debtor did not own the house (Exemption Objection). In response, the debtor conceded that she did not have a legal interest in the house, but maintained that she was entitled to a homestead exemption based on her equitable interest therein.

In the meantime, the bankruptcy court entered an order confirming the debtor's Chapter 13 plan. Several months later, the bankruptcy court held a hearing on the Exemption Objection. At that hearing, the debtor maintained that the bankruptcy court lacked jurisdiction to consider the Exemption Objection. She argued that the Exemption Objection was moot because her Chapter 13 plan had been confirmed, and under the terms of her plan and 11 U.S.C. § 1327(b)[4] she had been revested of all property of the estate.

The bankruptcy court entered an "Order on Trustee's Objection to the Debtor's Claim of Exemption," sustaining the Trustee's Exemption Objection, and overruling the debtor's claim of exemption (Exemption Order). In so doing, the bankruptcy court expressly rejected the debtor's jurisdictional challenge. Acknowledging the effect of the debtor's confirmed Chapter 13 plan, the bankruptcy court stated that the Exemption Objection was not rendered moot because:

[I]f [the debtor] were to convert this case to a chapter 7 case, a chapter 7 trustee would not have the ability to object to the homestead exemption claimed. *In re Ferretti,* 230 B.R. 883, 891 (Bankr.S.D.Fla.1999), *aff'd Dibraccio v. Ferretti,* 268 F.3d 1065 (11th Cir. 2001); *but see In re Alexander,* 236 F.3d 431, 432 (8th Cir.2001). Thus, the exemption would be deemed valid regardless of its factual and legal underpinnings to the possible detriment of the estate.[5]

---

**3.** 28 U.S.C. § 158(c); Fed. R. Bankr.P. 8001(e).

**4.** Unless otherwise stated, all future statutory references in the text of this Opinion are to title 11 of the United States Code.

**5.** Exemption Order at 3, *in* Appellant's Appendix at 15 (citations omitted).

The debtor's appeal of the Exemption Order followed. After considering the papers filed and hearing oral argument, this Court entered an Order of Limited Remand, remanding the case to the bankruptcy court for the purpose of entering supplemental findings of fact stating the value of the property claimed by the debtor as exempt. We requested supplemental findings because the record did not determine the value of the property to the estate and, absent value, no case or controversy existed on which to base jurisdiction.

The bankruptcy court entered a Supplemental Order on remand, establishing that the property has a value of approximately $15,500. This being the case, we are compelled to address the more difficult jurisdictional question presented in this case— whether the bankruptcy court erred in concluding that it had jurisdiction to consider the Exemption Objection. For the reasons stated below, we conclude that the bankruptcy court lacked jurisdiction to enter the Exemption Order.

## II. *Discussion*

■■■ Other than to acknowledge the debtor's jurisdictional argument below, the parties have not raised any issues regarding jurisdiction. We must, however, satisfy ourselves that the bankruptcy court did not err in determining that it had jurisdiction to enter its Exemption Order prior to considering the merits of this appeal.[6] For the reasons stated herein, we conclude that the bankruptcy court lacked jurisdiction over the Exemption Objection; accordingly, we will not review the merits of the resulting Exemption Order. Rather, the Exemption Order must be vacated.[7]

Article III of the United States Constitution limits the jurisdiction of federal courts to the adjudication of actual "cases" and "controversies."[8] Accordingly, federal courts cannot give advisory opinions that do not have an impact on the parties to the controversy,[9] nor can they address issues are not germane to a real dispute between the parties before the court.[10]

**6.** *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) ("On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it.") (internal quotations omitted); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986) ("'[E]very federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review, even though the parties are prepared to concede it.'" (internal quotations omitted)), *quoted in Southwestern Bell Telephone Co. v. Brooks Fiber Communications of Okla., Inc.*, 235 F.3d 493, 496 (10th Cir.2000).

**7.** *See, e.g., Steel Co.*, 523 U.S. at 110, 118 S.Ct. 1003; *Arizonans for Official English v. Arizona*, 520 U.S. 43, 46, 117 S.Ct. 1055, 137

L.Ed.2d 170 (1997); *U.S. Bancorp Mortg. Co. v. Bonner Mall Partnership*, 513 U.S. 18, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994); *Bender*, 475 U.S. at 549, 106 S.Ct. 1326.

**8.** U.S. Const., art. III, § 2; *see generally* 19 Moore's Fed. P. ¶ 205.02 (3rd ed.2003).

**9.** *See, e.g., Steel Co.*, 523 U.S. at 101, 118 S.Ct. 1003 (advisory opinions have been "disapproved by this Court from the beginning." (citing cases)); *Church of Scientology of California v. United States*, 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992) (federal courts cannot make rules of law that do not affect the case before it); *see generally* 19 Moore's Fed. P. ¶ 205.02[3][b] (3rd ed.2003).

**10.** *Renne v. Geary*, 501 U.S. 312, 321–23, 111 S.Ct. 2331, 115 L.Ed.2d 288 (1991); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 890–92, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990); *see, generally,* 19 Moore's Fed. P. ¶ 205.02[3] (3rd ed.2003).

■ The parties agree that a decision in this appeal as to the merits of the Exemption Order will have no impact on the debtor's Chapter 13 case, but they have raised no jurisdictional challenges.[11] The bankruptcy court's jurisdictional ruling is premised upon the belief that the merits of the Exemption Objection must be decided now because objections to the allowance or disallowance of the debtor's claim of exemption would be time-barred under Federal Rule of Bankruptcy Procedure 4003(b) if the case were ever converted to Chapter 7. As discussed below, the bankruptcy court's conclusion is based on good law. Yet, we disagree with that non-binding law. We hold that the time to object to claimed exemptions under Bankruptcy Rule 4003(b) recommences when a Chapter 13 case is converted to Chapter 7. Accordingly, it was unnecessary for the bankruptcy court to resolve the Exemption Objection given that, but for the potential conversion of the case to Chapter 7, its resolution would have no effect in the Chapter 13 case. With no live controversy existing in the Chapter 13 case, the bankruptcy court lacked jurisdiction to consider the Exemption Objection. The Exemption Order sustaining the Exemption Objection, having been entered by a court without jurisdiction, must be vacated.

It is well-established that a debtor may claim property exempt pursuant to § 522(b), and that absent timely objection, the property is exempt under § 522(*l*) re-gardless of the validity of the claimed exemption.[12] The timeliness of an objection to a debtor's claim of exemption is not addressed in § 522(*l*) or anywhere else in the Bankruptcy Code. Rather, it is set forth in Bankruptcy Rule 4003(b), which provides, in relevant part, that:

A party in interest may file an objection to the list of property claimed as exempt only within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later.[13]

Under Bankruptcy Rule 4003(b), therefore, parties in interest have a thirty-day period after the conclusion of a meeting of creditors to object to a debtor's claim of exemption. In *Taylor v. Freeland & Kronz*,[14] the United States Supreme Court held that this thirty-day period was strictly interpreted in conjunction with § 522(*l*) to bar any objections not made within that period of time. It stated: "Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality." [15]

Not expressly addressed by the Bankruptcy Code or the Bankruptcy Rules, and not addressed at all by the Court in *Taylor* or any decision of our Court of Appeals, however, is how the thirty-day deadline set forth in Bankruptcy Rule 4003(b) operates when a Chapter 13 case has been converted to Chapter 7. There is a split of authority on this issue.

---

**11.** When questioned on the importance of this appeal in this case, the parties both indicated that a ruling in this appeal is desired, not necessarily to resolve a dispute between the debtor and the Trustee, but rather to establish a rule of law as to the scope of the Wyoming homestead exemption for future cases. Under the prohibition against advisory opinions, this is not a basis for federal court jurisdiction. We need not address this Court's appellate jurisdiction, however, because our decision is that the bankruptcy court lacked jurisdiction to enter the Exemption Order in the first instance.

**12.** *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992).

**13.** Fed. R. Bankr.P. 4003(b).

**14.** 503 U.S. at 638, 112 S.Ct. 1644.

**15.** *Id.* at 644, 112 S.Ct. 1644.

Under one line of cases, designated as a "minority rule," the thirty-day period to object to a debtor's claimed exemptions recommences when a Chapter 13 case is converted to Chapter 7.[16] Courts adopting this minority rule state it is supported by relevant Bankruptcy Code and Bankruptcy Rule provisions. In particular, under § 348(a), the conversion of a Chapter 13 to Chapter 7 "constitutes an order for relief under the chapter to which the case is converted, but ... does not effect a change in the date of the ... order for relief." [17] Because the conversion of a Chapter 13 case to Chapter 7 constitutes an order for relief, a new meeting of creditors must be called in the converted Chapter 7 case pursuant to § 341(a) and Federal Rule of Bankruptcy Procedure 2003(a). The objection period set forth in Bankruptcy Rule 4003(b) runs within thirty days after the "meeting of creditors held under § 341(a) is concluded...." [18] Given that there is nothing in Bankruptcy Rule 4003(b) limiting the "meeting of creditors" to the initial meeting of creditors in the Chapter 13 case, courts adopting the minority view hold that parties in interest have thirty days from the conclusion of the meeting of creditors called in the converted Chapter 7 case to object to a debtor's claimed exemption. Under this view, exemptions claimed by a debtor in his or her Chapter 13 case may be objected to within thirty days of the conclusion of the meeting of creditors in the Chapter 13 case, or within thirty days of the conclusion of the meeting of creditors in the converted Chapter 7 case. Courts adhering to the minority view also support it with policy and fairness considerations.[19]

The other line of cases, designated as the "majority view," holds that the thirty-day objection period in Bankruptcy Rule 4003(b) does not commence anew upon the conversion of a Chapter 13 case to Chapter 7.[20] The majority view is based in part on Bankruptcy Rule 1019(2), which states, in relevant part, that: "A new time period for filing claims, a complaint objecting to discharge, or a complaint to obtain a determination of dischargeability of any debt shall commence pursuant to Rules 3002, 4004, or 4007...." [21] Because the thirty-day objection period in Bankruptcy Rule 4003(b) is not mentioned in Bankruptcy Rule 1019(2), courts adopting the majority view hold that it may not be reset upon the conversion of a case. The refusal of some courts to recommence the thirty-day period in Bankruptcy Rule 4003(b) is also based in part on the fact that § 348(a) states that

---

16. *See, e.g., In re Alexander,* 236 F.3d 431, 432 (8th Cir.2001) (per curiam); *In re Weissman,* 173 B.R. 235, 237 (M.D.Fla.1994); *In re Mims,* 249 B.R. 378, 383 (Bankr.D.N.J.2000); *In re de Kleinman,* 172 B.R. 764 (Bankr. S.D.N.Y.1994); *In re Jenkins,* 162 B.R. 579 (Bankr.M.D.Fla.1993); *see also In re Bell,* 225 F.3d 203, 222 (2d Cir.2000) (Moran, J., dissenting) (conversion from Chapter 11 to Chapter 7); *In re Lang,* 276 B.R. 716 (Bankr. S.D.Fla.2002) (same); *In re Wolf,* 244 B.R. 754 (Bankr.E.D.Mich.2000) (same); *In re Havanec,* 175 B.R. 920 (Bankr.N.D.Ohio 1994) (same); *In re Bergen,* 163 B.R. 377 (Bankr. M.D.Fla.1994) (same); *In re Leydet,* 150 B.R. 641 (Bankr.E.D.Va.1993) (same).

17. 11 U.S.C. § 348(a).

18. Fed. R. Bankr.P. 4003(b).

19. *See* discussion *infra.*

20. *See, e.g., In re Rogers,* 278 B.R. 201 (Bankr. D.Nev.2002); *In re Ferretti,* 230 B.R. 883 (Bankr.S.D.Fla.1999), *aff'd without opinion, Dibraccio v. Ferretti,* 268 F.3d 1065 (11th Cir. 2001); *In re Beshirs,* 236 B.R. 42 (Bankr. D.Kan.1999); *see also In re Bell,* 225 F.3d 203 (2d Cir.2000) (conversion from Chapter 11 to Chapter 7); *In re Smith,* 235 B.R. 472 (9th Cir.2000) (same); *In re Page,* 240 B.R. 548 (Bankr.W.D.Mich.1999) (same); *In re Halbert,* 146 B.R. 185 (Bankr.W.D.Tex.1992) (same).

21. Fed. R. Bankr.P. 1019(2).

conversion of a case does not change the date of the order for relief and, therefore, all deadlines, such as the exemption objection deadline, should not be affected by conversion. Additionally, some courts reason that to allow a new objection period upon conversion is not compatible with § 522(*l*) because, under that section, the property in the preconverted case is exempt and it cannot be brought back into the estate. Finally, courts adhering to the majority view point to the importance of finality in exemption matters articulated in *Taylor*. This is the view that was adopted by the bankruptcy court.

Being governed by no binding precedent, we adopt the minority view, holding that the thirty-day period to object to a debtor's claimed exemption in Bankruptcy Rule 4003(b) recommences upon the conversion of a Chapter 13 case to a Chapter 7 case.[22] Our decision is based on principles of federal jurisdiction, applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, policy considerations, some of which implicate federal jurisdiction, fairness, due process, and common sense.

The procedural posture of this case, in which the bankruptcy court preemptively dealt with whether the deadline in Bankruptcy Rule 4003(b) would apply if the debtor's case were ever converted to Chapter 7, illustrates that application of the majority view prospectively runs contrary to basic principles of federal jurisdiction.[23] To embrace the majority view means that trustees or other parties in interest must object to a questionable claim of exemption, even if it serves no

purpose given the facts of the case as they presently exist.[24] They must plan, as the Trustee has in this case, for a future contingent event, *i.e.*, possible conversion of the case, and the impact that the claimed exemption would have in the converted case. Furthermore, not only must they plan for a potential conversion, but they must litigate the objection based on some unknown facts and for an uncertain purpose. This is contrary to basic principles of federal jurisdiction. Such concerns were not addressed in any of the published decisions adopting the majority view because, in all of those cases, the courts were deciding whether the trustee in the *already converted case* was barred from objecting to a debtor's claimed exemptions. This case shows why the majority view, applied in a different procedural context, renders an undesirable result.

In addition to concerns about jurisdiction, we agree with the minority view's interpretation of the existing authorities. The most relevant authorities in this dispute are § 522(*l*) and Bankruptcy Rule 4003(b). As noted above, § 522(*l*) says nothing about the procedure for objecting to a debtor's claimed exemption. Rather, it states that unless an objection to a claim of exemption is made, the property so claimed is exempt. The objection referred to in § 522(*l*) must be timely under Bankruptcy Rule 4003(b), which runs its deadline for exemption objections from the conclusion of a meeting of creditors. The conversion of a Chapter 13 case to Chapter 7 requires the United States trustee to call a new meeting of creditors under § 341(a), § 348(a), and Bankruptcy Rule 2003(a).

---

**22.** Although some of the case cited above for the opposing points of view are decided in the context of the conversion of a Chapter 11 case to Chapter 7, our Opinion is limited to the case before us—a Chapter 13 case which potentially could be converted to Chapter 7.

**23.** *See* nn. 8–10 *supra,* and accompanying text.

**24.** *See* discussion *infra* at nn. 36–39 (discussing why parties in interest in a Chapter 13 case would have no reason to object to a questionable claim of exemption).

Nothing in Bankruptcy Rule 4003(b) limits the time to object to claimed exemptions to any particular meeting of creditors, whether it be the initial meeting of creditors in the Chapter 13 case or the later meeting of creditors in the converted Chapter 7 case. There being no express limitation, the most logical reading of Bankruptcy Rule 4003(b) is that the thirty-day objection period runs from the conclusion of the meeting of creditors in the Chapter 13 case, and from the conclusion of the meeting of creditors called in the converted Chapter 7 case.[25] As stated by one court adopting the minority view: "Since the Code fails to restrict which 'meeting of the creditors' triggers the time period for objections, to hold that only the first § 341 meeting in a converted case prompts the period would unnecessarily restrict Rule 4003(b) and the Code as a whole."[26] Indeed, a fundamental purpose of the second meeting of creditors required under § 341(a), § 348(a) and Bankruptcy Rule 2003(a) would be "materially undercut" if the Chapter 7 trustee were barred from reevaluating claimed exemptions—this is not a result that could have been intended.[27]

To be sure, Bankruptcy Rule 1019(2), relied on so heavily by courts adhering to the majority rule, is relevant in converted cases. But, that Rule does not deal with exemptions, and we do not find its silence on exemption objections to be more compelling than the express language of Bankruptcy Rule 4003(b). We agree with the statement that: "For all that appears the draftsmen of Rule 1019(2) might well have concluded that the language of Rule 4003(b) was sufficiently clear to assure that the trustee could object to claims following the conclusion of the Chapter 7 creditors meeting after the case had been converted."[28]

Additionally, we are not compelled by the majority view's analysis of § 348(a) *as it relates to Bankruptcy Rule 4003(b).* We recognize, as do the courts adopting the majority view, that § 348(a) expressly states that the date of the order for relief is not altered by the conversion of a case, and that the purpose of that provision "is to preserve actions already taken in the case before conversion."[29] But, the deadline in Bankruptcy Rule 4003(b) is not based on the date of the order for relief. It is based on the conclusion of a "meeting of creditors." This difference is real, and should not be ignored. If the drafters of Bankruptcy Rule 4003(b) wanted to limit the time to file objections to claimed exemptions based on the date of an order for relief, they would have expressly stated so.

We agree with courts adopting the majority view that property exempt under

---

**25.** Preclusion principles could bar relitigation of an objection to a claimed exemption in a converted Chapter 7 case if an objection was resolved in the Chapter 13 case.

**26.** *Weissman,* 173 B.R. at 237, *quoted in Mims,* 249 B.R. at 383; *accord Bergen,* 163 B.R. at 379 ("If the rules meant the initial meeting of creditors was the only time an objection could be made to exemptions, they would have been drafted consistently.").

**27.** *Wolf,* 244 B.R. at 756, *quoted in Lang,* 276 B.R. at 720.

**28.** *Havanec,* 175 B.R. at 924; *accord Bell,* 225 F.3d at 225 (Moran, J., dissenting) ("Nothing

in the advisory notes indicates that the Committee considered and rejected provisions to deal with a host of other possible effects of conversion."); *Leydet,* 150 B.R. at 643 (by not limiting the meeting of creditors under Bankruptcy Rule 4003(b) to the initial meeting of creditors, explains "why the drafters did not provide for a new time period for filing objections to exemptions upon conversion in Rule 1019(2). It was unnecessary.")

**29.** *Bell,* 225 F.3d at 213, *quoted in Smith,* 235 F.3d at 477; *accord In re Marcus,* 1 F.3d 1050, 1051 (10th Cir.1993).

§ 522(*l*) revests in the debtor.[30] We disagree, however, with the opinion of some of those courts that revesting precludes the recommencement of the deadline in Bankruptcy Rule 4003(b) upon conversion of the case from Chapter 13 to Chapter 7.

 Property claimed as exempt is property of the estate on a debtor's petition date.[31] It revests in the debtor when the exemption is allowed, either by court order or because of the lack of a timely objection.[32] Property of the estate also revests in the debtor upon the confirmation of a Chapter 13 plan under § 1327(b). Such revested property, being property that was property of the estate on the date that a debtor files a Chapter 13 petition, is property of the Chapter 7 estate upon conversion under § 348(f) if it is still in the debtor's possession.[33] To allow property revested under § 522(*l*) to be excluded from the scope of § 348(f) would require that property revested under § 1327(b) to likewise be excluded. This would have the effect of rendering § 348(f) meaningless in Chapter 13 cases converted after the confirmation of a plan. The revesting of property under § 522(*l*) does not immunize it from being brought into the estate upon conversion of a Chapter 13 case.[34]

By adopting the minority rule we are not, as implied by courts taking the majority view, overlooking the interpretation of Bankruptcy Rule 4003(b) in *Taylor*. *Taylor* reinforces the concept that strict enforcement of exemption deadlines is necessary to produce finality. In accord with *Taylor*, enforcement of the deadline in Bankruptcy Rule 4003(b) should be consistently vigorous.[35] Our decision does not run contrary to that principle.

Policy concerns also support adoption of the minority view. Chapter 13 debtors list property of the estate claimed as exempt, but the relevance of those claims is not, as in Chapter 7, to allow the debtor to retain possession of the property or to obtain a share of sale proceeds when the property is liquidated. Rather, the Chapter 13 debtor, remaining in possession of all property and being revested of that property upon confirmation of a plan,[36] claims exemptions to facilitate a determination as to whether his or her plan is confirmable as being in the best interests of creditors within the meaning of § 1325(a)(4). That section states that a plan must be confirmed if the value of the property to be distributed under the plan on account of each allowed unsecured claim is "not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7...." [37] In some instances, although a claimed exemption is not colorable as a matter of law or is at least subject to a good faith objection, its

---

**30.** *See Bell*, 225 F.3d at 215–218.

**31.** 11 U.S.C. § 522(b) (a debtor may exempt from "property of the estate" the property listed under applicable state or federal law); *Owen v. Owen*, 500 U.S. 305, 308, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991); *Bell*, 225 F.3d at 215; *Carbaugh v. Carbaugh (In re Carbaugh)*, 278 B.R. 512, 520–21 (10th Cir. BAP 2002).

**32.** 11 U.S.C. § 522(*l*).

**33.** Section 348(f) states, in relevant part, that when a Chapter 13 case is converted "property of the estate in the converted case shall consist of property of the estate, as of *the date of filing of the petition*, that remains in the possession of or is under the control of the debtor on the date of conversion[.]" 11 U.S.C. § 348(f)(1)(A) (emphasis added).

**34.** *See Bell*, 225 F.3d at 227 (Moran, J., dissenting).

**35.** *See id.* at 222 n. 1 (Moran, J., dissenting).

**36.** 11 U.S.C. § 1327(b).

**37.** *Id.* § 1325(a)(4).

allowance or disallowance will have no impact on the best interests of creditors test in § 1325(a)(4)—the value of the property to be distributed under the proposed Chapter 13 plan on account of each allowed unsecured claim could not be shown to be less than the amount that would be paid on such claim if the property were liquidated and the debtor were paid the amount of the claimed exemption. In such cases, it does not make sense to require the Chapter 13 trustee or other parties in interest to bear the expense and expend the time to object to a spurious claim of exemption in hopes of obtaining its disallowance, not to further the Chapter 13 estate, but to increase the value of the estate for creditors in an unanticipated, yet potential, converted Chapter 7 case. This task would be best borne by a Chapter 7 trustee if the Chapter 13 case were converted. She or he will know the facts existing in the converted case, and have the proper incentive to object when appropriate.[38]

This last point is made apparent by the facts of this case. Because the bankruptcy court confirmed the debtor's Chapter 13 plan prior to entering an order on the Exemption Objection, it must have found that the plan met the § 1325(a)(4) best interests of creditors test, regardless of the merits of the debtor's claim of exemption. But, although the relevance of the debtor's claimed homestead exemption became moot in the Chapter 13 case, the Trustee has been forced to go forward with the Exemption Objection, and the debtor's appeal of the Exemption Order, all for the purpose of serving a future contingent event—the possibility of a conversion of the debtor's Chapter 13 case to Chapter 7. Not only is this situation undesirable from an administrative point of view, but, more importantly, as discussed above, it contravenes very basic principles of federal jurisdiction, and should not be encouraged.[39]

Finally, our decision is not unfair to debtors because it takes into account basic assumptions related to a debtor's choice to file Chapter 13 over Chapter 7, and fosters due process. A Chapter 13 debtor, who retains possession of property solely as a result of choosing to file a Chapter 13, as opposed to a Chapter 7, petition should not be surprised to learn that possession of that property will be reevaluated if the case is voluntarily or involuntarily converted to a liquidation case under Chapter 7. As one court has stated:

**38.** Indeed, but for adoption of the majority view, it is not at all clear whether a Chapter 13 trustee ever has an incentive to formally object to a claimed exemption. In *In re Duncan,* 329 F.3d 1195 (10th Cir.2003), the court held that a trustee's failure to object to a debtor's claimed exemption within the thirty-day period did not bar him from bringing an avoidance action outside of the thirty-day period to avoid the debtor's transfer of the property and to preclude the debtor from claiming it as exempt once it was recovered. In bringing the avoidance action, the trustee not subject to the thirty-day period in Bankruptcy Rule 4003(b) because he "was not contesting the exemption *per se* [,]" but rather was seeking to avoid the debtor's transfer of property. *Id.* at 1203. While the extension of the holding in *Duncan* to matters such as Chapter 13 confirmation hearings is not before us and we expressly do not express any opinion as to such an extension, we note that if the rule in *Duncan* were so extended there would be no incentive for parties in interest in a Chapter 13 case, including trustees, to ever formally object to a claimed exemption, except in cases where parties were concerned about a potential conversion of the case to Chapter 7. For the reasons stated Chapter 13 parties in interest should not litigate exemption issues for the purpose of serving a potential Chapter 7 estate.

**39.** *See* nn. 8–10 *supra,* and accompanying text.

In balancing the equities, the Court notes that in the event that a debtor is claiming an exemption on property that is fully within the debtor's rights, then the existence of a renewed period to object to exemptions will not prejudice the debtor. The debtor will be allowed the exemption. However, in the event that a converted debtor is claiming an exemption on property not properly claimed as exempt and a newly-appointed Chapter 7 trustee is given no opportunity to object due to conversion occurring post expiration of the initial thirty-day deadline, then an inequity has resulted and due process has been denied [to the Chapter 7 trustee], with resulting detriment to creditors, the bankruptcy estate, and the bankruptcy system.[40]

For all of the reasons stated, we hold that the bankruptcy court erred in determining that the thirty-day objection period under Bankruptcy Rule 4003(b) would not recommence in the event that the debtor's Chapter 13 case was ever converted to a case under Chapter 7. This decision together with the concession that the dispute will not impact the debtor's Chapter 13 case means that the bankruptcy court lacked jurisdiction over the Exemption Objection because it did not give rise to a case and controversy in the debtor's Chapter 13 case. The resulting Exemption Order must be vacated.

### III. *Conclusion*

The Exemption Order is VACATED.