**In re John A. CAMPBELL, Jr. and Judy Kay Campbell, Debtors.**

**John A. Campbell, Jr. and Judy Kay Campbell, Appellants,**

**v.**

**William Mark Bonney, Trustee, and United States of America, on behalf of the Department of Agriculture Farm Services Agency, Appellees.**

**BAP No. EO–04–034.**

**Bankruptcy No. 03–73013.**

United States Bankruptcy Appellate Panel of the Tenth Circuit.

Aug. 27, 2004.

Robert F. Groshon, Oklahoma City, Oklahoma, for Appellants.

William Mark Bonney, Trustee, Pro Se.

Before McFEELEY, Chief Judge, NUGENT, and BROWN, Bankruptcy Judges.

OPINION

NUGENT, Bankruptcy Judge.

The debtors, John A. Campbell, Jr. and Judy Kay Campbell (Debtors), timely ap-

peal a final Order of the United States Bankruptcy Court for the Eastern District of Oklahoma denying their motion to convert their Chapter 13 case to Chapter 12 because legislation authorizing Chapter 12 had expired at the time conversion was considered.[1] The parties have consented to this Court's jurisdiction because they have not elected to have the appeal heard by the United States District Court for the Eastern District of Oklahoma.[2] For the reasons set forth below, the bankruptcy court's judgment is REVERSED and the matter is REMANDED for further proceedings.

## I. *Background*

Congress enacted Chapter 12 of the Bankruptcy Code in 1986, in response to the "Farm Crisis" of the mid–1980's.[3] Chapter 12, which provided debt adjustment relief to "family farmers,"[4] was deemed an emergency remedy when it was enacted and was set to expire on October 1, 1993.[5] Until January 2004, however, that expiration date was continuously extended, making Chapter 12 viable for a period of approximately sixteen years.[6] Most recently, Chapter 12 expired on July 1, 2003,[7] was reinstated retroactively on August 15, 2003 as of July 1, 2003 under the Family Farmer Bankruptcy Relief Act of 2003 [hereinafter the "2003 Act"],[8] and then expired again on January 1, 2004.[9] Chapter 12 has not been reinstated since January 1, 2004, and, therefore, it has not been a source of relief for new filers since that time.

On August 4, 2003, the Debtors filed a Chapter 13 petition and a proposed Chapter 13 plan. The Debtors, who state that Mr. Campbell is a "rancher"[10] and whose income is derived from the "[s]ale of cattle, sand, land lease and pecans,"[11] could not have sought Chapter 12 relief on August 4, 2003, because Chapter 12 had expired on July 1st and the 2003 Act retroactively reinstating it had not yet been enacted. Eleven days later, the President signed

**1.** 28 U.S.C. § 158(a)(1); Fed. R. Bankr.P. 8002(a); *see In re Miller*, 303 B.R. 471, 472 (10th Cir. BAP 2003) (order denying motion to convert is a "final" order).

**2.** 28 U.S.C. § 158(b)-(c); Fed. R. Bankr.P. 8001(e).

**3.** Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986, Pub.L. No. 99–554, 100 Stat. 3088 [hereinafter the "1986 Act"].

**4.** *See* 11 U.S.C. § 101(18) (defining "family farmer").

**5.** 1986 Act, Pub.L. No. 99–554, § 302(f); *see* 132 Cong. Rec. S15074 (daily ed. Oct. 3, 1986) (Sen.Thurmond).

**6.** *See* Pub.L. No. 103–65 (Aug. 6, 1993) (extended to Oct. 1, 1998); Pub.L. No. 105–277, § 149 (Oct. 21, 1998) (extended to April 1, 1999, effective Oct. 1, 1998); Pub.L. No. 106–5 (March 30, 1999) (extended to Oct. 1, 1999, effective April 1, 1999); Pub.L. No. 106–70 (Oct. 9, 1999) (extended to July 1, 2000, effective Oct. 1, 1999); Pub.L. No. 107–8 (May 11, 2001) (extended to June 1, 2001, effective July 1, 2000); Pub.L. 107–17 (June 26, 2001) (extended to Oct. 1, 2001, effective June 1, 2001); Pub.L. No. 107–170 (May 7, 2002) (extended to June 1, 2002, effective Oct. 1, 2001); Pub.L. No. 107–171, § 10814 (May 13, 2002) (extended to Jan. 1, 2003, effective June 1, 2002); Pub.L. No. 107–377 (Dec. 19, 2002) (extended to July 1, 2003, effective Jan. 1, 2003); Pub.L. No. 108–73 (Aug. 15, 2003) (extended to Jan. 1, 2004, effective July 1, 2003).

**7.** Pub.L. No. 107–377.

**8.** Pub.L. No. 108–73, § 2(b).

**9.** *Id.* § 2(a)(1).

**10.** Schedule I, *in* Appellants' Appendix at 19.

**11.** Statement of Financial Affairs at 1, *in* Appellants' Appendix at 22.

the 2003 Act into law, restoring Chapter 12 retroactively to July 1, 2003.

In early September 2003, the Chapter 13 trustee (Trustee) moved to dismiss the Debtors' case because they had failed to provide him certain documents. The United States of America, on behalf of the Farm Service Agency, also moved to dismiss, claiming that the Debtors were not eligible for Chapter 13 relief because their unsecured debt exceeded the limits set forth in 11 U.S.C. § 109(e).[12] The Debtors did not respond to either motion to dismiss. Rather, on September 18, 2003, they moved pursuant to § 1307(d) to convert their Chapter 13 case to one under the recently restored Chapter 12 (Conversion Motion).

On September 30, 2003, the Bankruptcy Court dismissed the Debtors' Chapter 13 case because they had not responded to the Trustee's motion to dismiss (Dismissal Order), but the Dismissal Order was set aside in October 2003. Shortly thereafter, in November 2003, the bankruptcy court issued a Notice, scheduling the Debtors' Conversion Motion for hearing on January 8, 2004.

The bankruptcy court orally granted the Debtors' Conversion Motion at the conclusion of the January 8th hearing. Subsequently, however, it entered an "Amended Order and Notice of Hearing," vacating its oral ruling and continuing the January 8th hearing. After the continued hearing, the bankruptcy court entered its Order denying the Debtors' Conversion Motion, holding that because Chapter 12 had expired on January 1, 2004 and had not been reinstated, it had no authority on January 8,

2004 to convert the Debtors' Chapter 13 case to Chapter 12.

This appeal followed. No parties contest the relief sought by the Debtor–Appellants. In fact, the Trustee, the only party other than the Debtors to have entered an appearance in this appeal, requests that the bankruptcy court's Order be reversed.[13]

## II. *Discussion*

■ Section 1307 authorizes bankruptcy courts to convert Chapter 13 cases to Chapter 12 any time prior to the confirmation of a plan at the request of a debtor-family farmer.[14] The bankruptcy court held that on January 8, 2004, it lacked authority to convert the Debtors' Chapter 13 case to Chapter 12 under § 1307(d) because Chapter 12 had expired on January 1, 2004. For the reasons stated below, we respectfully disagree.

On the day that the Debtors filed their petition, August 4, 2003, Chapter 12 had expired and, therefore, it was not a Chapter under which they could seek relief. The 2003 Act enacted on August 15th, however, expressly reinstated Chapter 12 retroactively to July 1, 2003, by amending § 149 of title I of division C of Pub.L. No. 105–277, a previous re-enactment of the Chapter.[15] As amended by the 2003 Act, the statute provided:

(a) Chapter 12 of title 11 of the United States Code, as in effect on June 30, 2003, is hereby reenacted for the period beginning on July 1, 2003, and ending on January 1, 2004.

(b) All cases commenced or pending under chapter 12 of title 11, United States Code, as reenacted under subsection (a),

---

12. Unless otherwise stated, all future statutory references in the text of this Opinion are to title 11 of the United States Code.

13. *See* Appellee's Brief at 2–3.

14. 11 U.S.C. § 1307(d) & (e).

15. Pub.L. No. 108–73, § 2(a)(2)(B) & (b).

and all matters and proceedings in or relating to such cases, shall be conducted and determined under such chapter as if such chapter were continued in effect after January 1, 2004. The substantive rights of parties in connection with such cases, matters, and proceedings shall continue to be governed under the law applicable to such cases, matters, and proceedings as if such chapter were continued in effect after January 1, 2004.[16]

The amendments made by the 2003 Act "take effect on July 1, 2003."[17] The effect of the retroactivity provision was to make Chapter 12 relief available as of the Debtors' petition date, and the Debtors should have been able to avail themselves of it, provided that they were eligible for such relief under § 109(f). As amended by subsection (b) of the 2003 Act, the statute expressly provided that "[t]he substantive rights of parties ... shall continue to be governed under the law applicable to such cases, matters, and proceedings as if such chapter were continued in effect after January 1, 2004."[18] Thus, because this provision made Chapter 12 effective as of July 1, 2003 through January 1, 2004, Chapter 12 relief was available to the Debtors on the day that they filed their Chapter 13 petition in August 2003, and, the bankruptcy court had jurisdiction to convert the Chapter 13 case to Chapter 12.

That the Chapter 13 Debtors sought Chapter 12 relief by way of conversion does not alter our analysis-to rule otherwise would strip the retroactivity provision in the 2003 Act of any meaning. Specifically, from July 1, 2003, when Chapter 12 expired, until August 15, 2003, when the 2003 Act was enacted, no Chapter 12 petitions could have been filed. Yet, the 2003 Act expressly states that Chapter 12 was reinstated as of July 1, 2003. The only way that Chapter 12 could apply as of July 1, 2003, would be to allow cases filed under other Chapters of the Bankruptcy Code from that day forward to be converted to Chapter 12.

█  Furthermore, § 348, which governs the effect of conversion, states, in relevant part, that:

Conversion of a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but ... does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.[19]

This section makes clear that a debtor's petition date is not altered by conversion. Accordingly, the law applicable on the petition date, not the conversion date, applies to determine whether Chapter 12 relief is available.[20] As discussed above, by retroactive effect of the 2003 Act, Chapter 12 existed on the Debtors' petition date and, therefore, if they are eligible for such re-

---

16. Pub.L. No. 105–277, § 149 (Oct. 21, 1998), *amended by* Pub.L. No. 108–73, § 2(a) (Aug. 15, 2003), *quoted in* 11 U.S.C. § 1201 (West), at 282.

17. *Id., amended by* Pub.L. No. 108–73, § 2(b) (Aug. 15, 2003).

18. *Id.*

19. 11 U.S.C. § 348(a).

20. *See, e.g., In re Marcus*, 1 F.3d 1050, 1051 (10th Cir.1993) (exemption law existing on petition date, not conversion date applies); *see also In re Sinclair*, 870 F.2d 1340 (7th Cir.1989) (Chapter 11 debtors could not convert their case to Chapter 12 because Chapter 12 did not exist on petition date, and the 1986 Act expressly states that it does not apply to cases filed prior to its effective date); *accord In re Howe*, 913 F.2d 1138, 1148 (5th Cir. 1990) (same).

lief under § 109(f), they should be allowed to proceed under that Chapter.[21]

## III. *Conclusion*

The bankruptcy court's Order is REVERSED and the matter is REMANDED for proceedings consistent with this Opinion.

**21.** The record on appeal does not indicate whether the bankruptcy court reached the issue of the Debtors' eligibility for Chapter 12 relief under § 109(f), and this Opinion does not address that issue.